**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARY BAYES and PHILIP BAYES,<br><br>    Plaintiffs,<br><br>v.<br><br>BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC, BIOMET MANUFACTURING, LLC f/k/a BIOMET MANUFACTURING CORP.,<br><br>    Defendants. | Case No. 4:13-cv-00800-SRC |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Biomet, Inc., Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC (collectively, "Biomet" or "Defendants"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, move the Court for summary judgment in Biomet's favor on all twelve of Plaintiffs' claims.

There is no genuine dispute as to any material fact and Biomet is entitled to judgment as a matter of law. The uncontroverted material facts as set forth in Defendants' Statement of Uncontroverted Material Facts, attached and incorporated into this motion by reference, support that Defendants are entitled to summary judgment on each of Plaintiffs' claims for the reasons set forth below and described in detail in Defendants' accompanying Memorandum of Law in Support of Motion for Summary Judgment.

First, Plaintiffs have failed to identify any admissible evidence to support that there was any manufacturing defect in Plaintiff Mary Bayes's M2a Magnum devices. Plaintiffs' manufacturing-based claims fail as matter of law.

Second, with or without Plaintiffs' proffered expert testimony, Plaintiffs cannot establish that a defect in the M2a Magnum caused Ms. Bayes's injuries.  The absence of evidence on causation is fatal to *all* of Plaintiffs' claims.  Further, the only admissible evidence – Biomet's evidence – disproves Plaintiffs' claims.

Third, Plaintiffs' warning claims fail by application of the learned intermediary doctrine and the law of proximate causation.  Defendants' warnings are adequate as a matter of law, and Plaintiffs cannot show that a different warning would have caused Ms. Bayes's implanting surgeon Dr. Daniel Martin to make a different device selection.  Similarly, Plaintiffs cannot establish that there were any statements by Biomet that Plaintiffs or Dr. Martin relied upon to support Plaintiffs' fraud, misrepresentation, or breach of warranty claims.

Fourth, Missouri does not recognize a strict liability claim for defect due to nonconformance with representations, and that claim should be dismissed.

Fifth, Plaintiffs' request for punitive damages fails under Indiana or Missouri law because Plaintiffs do not have sufficient evidence to meet the high standard for an award of punitive damages.

Finally, Plaintiff Philip Bayes's derivative loss of consortium claim necessarily fails because his spouse Ms. Bayes has no valid claims.

WHEREFORE, Defendants ask the Court to grant their Motion for Summary Judgment, enter judgment in their favor and against Plaintiffs on all of Plaintiffs' claims, and award Defendants all such other relief permitted by statute and as otherwise is just and equitable.

Date:  June 15, 2020

          Respectfully submitted by:

/s/ *M. Elizabeth Dyer Kellett*
M. Elizabeth Dyer Kellett No. 64954
Troy A. Bozarth, No. 5209515
HEPLERBROOM LLC
211 N. Broadway, Suite 2700
St. Louis, MO 63102
Phone: (314) 241-6160
Fax:    (314) 241-6116
edk@heplerbroom.com
tab@heplerbroom.com

Tom Joensen (*admitted pro hac vice*)
Stephanie Koltookian (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Phone: (515) 248-9000
Fax:    (515) 248-9010
tom.joensen@faegredrinker.com
stephanie.koltookian@faegredrinker.com

Michelle Tessier (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. Seventh Street
Minneapolis, MN  55402
Phone: (612) 766-7000
Fax:    (612) 766-1600
michelle.tessier@faegredrinker.com

*Attorneys for Defendants*

US.128380328.02

## **CERTIFICATE OF SERVICE**

      I certify that on June 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

James D. O'Leary  
Michael J. Quillin  
Michael S. Druse  
O'Leary, Shelton, Corrigan, Peterson, Dalton & Quillin  
The University Tower  
1034 S. Brentwood Blvd., Penthouse 1-A  
St. Louis, MO  63117

J. Kyle Bachus  
John Christopher Elliott  
Bachus & Schanker LLC  
1899 Wynkoop Street, Ste. 700  
Denver, COS  80202

                                                                          */s/ M. Elizabeth Kellett*