**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARY BAYES and PHILIP BAYES, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:13-cv-00800-SRC |
| ) | |
| BIOMET, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

### Memorandum and Order

**I.    Defendants' motion for leave to amend answer**

This matter is before the Court on [179] Defendants' Motion for Leave to File Amended Answer.  Plaintiffs do not oppose the Motion to the extent Defendants seek to withdraw certain affirmative defenses but oppose the Motion in all other respects.  The Court grants the Motion in part and denies it in part.

The Court grants Defendants' unopposed motion to withdraw four affirmative defenses. The Court denies the Motion to the extent it seeks leave to also amend the language of other affirmative defenses and Defendants' responses to certain allegations in Plaintiffs' operative complaint.  Defendants' motion for leave to amend is untimely.  *See* Doc. 77.  And Defendants fail to show sufficient cause for their untimely-proposed amendments.  *See* Federal Rule of Civil Procedure 15(a).

For purposes of clarity, the Court's denial of Defendants' Motion does not prohibit the parties from so stipulating in their joint stipulation of uncontested facts as required by the Case Management Order.  *See* Doc. 77 at III.1.  Further, the Court's denial of Defendants' Motion does not prohibit Defendants from asserting any legal arguments that fall within the scope of

affirmative defenses asserted in their Answer.  Doc. 23.  The Court instructs the parties to meet and confer regarding what portions of Defendants' proposed alterations to their affirmative defenses fall within the scope of their originally-asserted defenses, and to be prepared to discuss the issue at the appropriate time during trial.

## II.     Use of deposition testimony at trial

On August 6, 2020, the Court held a pretrial conference to address several issues identified by the parties as this matter approaches trial. Doc. 177.  Among the issues addressed, the parties requested guidance on the permissible use of deposition testimony (including video deposition testimony) at trial.  *See Id.*, Issue No. 8(c).  The Court heard the parties' respective positions on this issue and took the matter under advisement.  The Court now rules as follows: Deposition testimony may only be used at trial as set forth in Federal Rule of Civil Procedure 32.

At this time, the Court reserves ruling on the particulars of how and when 30(b)(6) video deposition testimony may be used, (*See* Doc. 177, Issue No. 8(b)), and awaits the parties' report of their proposed solutions based on the meet-and-confer ordered by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that [179] Defendants' Motion for Leave to File Amended Answer is GRANTED in part and DENIED in part, as set forth herein.

**IT IS FURTHER ORDERED** that deposition testimony may only be used at trial as set forth in Federal Rule of Civil Procedure 32.

So Ordered this 10th day of August, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**