**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MARY BAYES and PHILIP BAYES, ) | |
|  ) | |
| Plaintiff(s), ) | |
|  ) | |
| vs. ) | Case No. 4:13-cv-00800-SRC |
|  ) | |
| BIOMET, INC., et al., ) | |
|  ) | |
| Defendant(s). ) | |

**Memorandum and Order**

The Court previously granted, in part, and denied, in part, [Doc. 124] Biomet's Motion for Summary Judgment. Doc. 225. In that Order, the Court reserved ruling on Biomet's motion for summary judgment on Plaintiffs' punitive damages claim, pending additional briefing from the parties on a choice-of-law issue. *Id.* at 30-31. Having considered the additional briefing in the parties' trial briefs, the Court now denies [Doc. 124] Biomet's motion for summary judgment on Plaintiffs' punitive damages claim.

**I.      Background**

The Court has thoroughly recounted the facts of this case in its Order on Biomet's Motion for Summary Judgment. *See* Doc. 225. In the same Order, the Court explains some of the medical terminology at issue in this case and likewise does not repeat those explanations here.

**II.     Legal standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary

1

judgment, the Court is required to view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the initial burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); Fed. R. Civ. P. 56(a).

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Self-serving, conclusory statements without support are insufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III.    Discussion**

The Parties dispute which state's law governs Plaintiffs' claim for punitive damages. *See* Doc. 125 at 28-30 (arguing Indiana law applies); Doc. 147 at 20 (stating Missouri law applies). However, the Parties agree that the Court need not decide which state's law applies to decide Biomet's motion for summary judgment on Plaintiffs' punitive damages claim, because the relevant standards are "essentially the same." Doc. 125 at 30; Doc. 147 at 20.

In both Missouri and Indiana, the test for whether punitive damages are allowed is a strict one. Under Missouri law, the Court may award punitive damages only upon a showing that "the

defendant showed a complete indifference to or conscious disregard for the safety of others." *Ford v. GACS, Inc.*, 265 F.3d 670, 678 (8th Cir. 2001).  Under Indiana law, the Court may award punitive damages only upon a showing that the defendant acted with "malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, mere negligence, or other human failing." *Wohlwend v. Edwards*, 796 N.E.2d 781, 784 (Ind. Ct. App. 2003).  Under either state's law, the plaintiff must establish the requisite showing by "clear and convincing" evidence.  *See Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 111 (Mo. banc 1996); Ind. Code § 34-51-3-2.

Biomet contends that the method of FDA approval, the warnings included in the Instructions for Use, and Biomet's affirmative steps to make the M2a Magnum safe preclude a showing of complete indifference or conscious disregard under Missouri law, or of malice, fraud, gross negligence, or oppressiveness under Indiana law.  But Plaintiffs set forth evidence that Biomet was aware of the serious risks of its metal-on-metal M2a Magnum implant.  *See, e.g.*, Doc. 148-27.  In any event, this Court, though well aware of the high standard of clear and convincing evidence, is not now in a position to determine as a matter of law that Plaintiffs cannot make a submissible case for punitive damages.

**IV.    Conclusion**

The Court DENIES [Doc. 124] Biomet's Motion for Summary Judgment on Plaintiffs' claim for punitive damages (Count XI).

Dated: September 23, 2020.

　　　　　　　　　　　　　　　　*/s/ Stephen R. Clark*
　　　　　　　　　　　　　　　　**STEPHEN R. CLARK**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**