UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY BAYES and PHILIP BAYES, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | )   Case No. 4:13-cv-00800-SRC |
| | ) |
| BIOMET, INC., et al., | ) |
| | ) |
| Defendant(s). | ) |

### Memorandum and Order

Plaintiffs and Biomet have each submitted objections to the opposing party's opening statement visuals. Docs. 277, 278. The Court addresses these objections below.

**I.      Biomet's Objections to Plaintiffs' Opening Statement Visuals**

A.      Plaintiffs' Slide No. 1 – Biomet objects that this slide is misleading and will confuse the jury. The Court finds Biomet has opened the door to this evidence by offering Mary Bayes's Facebook post attributing her injuries to Dr. Martin. *See* Doc. 266 at 43:11-16. The Court overrules Biomet's Objection to Plaintiffs' Slide No. 1.

B.      Plaintiffs' Slide No. 7 – Biomet objects to this slide because it quotes a document not yet admitted into evidence. The Court reserves ruling on this objection. Plaintiffs must be prepared to make an offer of proof as to the admissibility of the underlying document when Court convenes at 8:00 a.m. on October 5, 2020.

C.      Plaintiffs' Slides Nos. 14 and 30 – Biomet objects to these slides because they reference the FDA clearance/approval process. Because the Court has excluded any argument, comment, or reference to the FDA clearance/approval process or requirements in this case (*see* Doc. 288), the Court sustains Biomet's objections to these slides.

1

D.     Plaintiffs' Slide No. 38 – Biomet objects to this slide because it references a Biomet marketing document.  The Court overrules Biomet's objections to this slide.  The Court has determined that Biomet's marketing materials are admissible to the extent relevant to punitive damages.  Doc. 266 at 38:8-16.

II.    **Plaintiffs' Objections to Biomet's Opening Statement Visuals**

A.     Biomet's Slide No. 25 – Plaintiffs' object to this slide as "incomplete (and therefore misleading and argumentative)."  Doc. 277.  The Court overrules Plaintiffs' objection.  Plaintiffs cite no authority for a requirement of "completeness" in opening statements.

B.     Biomet's Slides Nos. 26, 27, and 30 – Plaintiffs' object to each of these slides because they show documents not yet admitted into evidence: Mary's X-rays, Mary's Facebook post, and Biomet's surgical technique for the M2a-Magnum.  The Court overrules Plaintiffs' objections to these slides.  The Court has provisionally ruled that the Facebook post and surgical technique are admissible.  Doc. 266 at 43:11-16; 46:1-2.  The Court finds the X-rays are also likely to be admissible.

C.     Biomet's Slide No. 32 – Plaintiffs object to this slide because it depicts an anatomical recreation of Mary Bayes's hips created using CT scans not admitted into evidence.  Biomet argues that it intends to use the depiction in its opening statement for demonstrative purposes only.  The Court grants Plaintiffs' objection to this slide in part, as follows:  Biomet shall strike from the slide the text "based on Mrs. Bayes' CT scans".

D.     Biomet's Slide No. 18 – Plaintiffs apparently objected to this slide, but neither the basis for the objection nor the slide are before the Court.  *See* Doc. 287-1.  The parties must be prepared to address this objection when Court convenes at 8:00 a.m. on October 5, 2020.

The Court cautions the parties not to construe permission to refer to particular evidence in opening statements as implying that the evidence will be admitted at trial. Further, the Court's motion in limine rulings as to the admissibility of particular evidence are provisional only.

Dated: October 1, 2020.

*SL R. CL*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**