## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY BAYES and PHILIP BAYES, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-cv-00800-SRC |
| | ) | |
| BIOMET, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

### Memorandum and Order

The Court has denied Biomet's motion for summary judgment on Plaintiffs' punitive damages claim. *See* Doc. 260. The Parties dispute which state's law governs Plaintiffs' claim for punitive damages. *See* Doc. 125 at 28-30 (arguing Indiana law applies); Doc. 147 at 20 (stating Missouri law applies). The Court ordered the Parties to brief this choice-of-law issue in their respective trial briefs. Doc. 187 at 44:15-22. Those briefs having been submitted, the Court now considers whether Missouri or Indiana law applies.

**I.      Background**

The Court has thoroughly recounted the facts of this case in its Order on Biomet's Motion for Summary Judgment. *See* Doc. 225. In the same Order, the Court explains some of the medical terminology at issue in this case and likewise does not repeat those explanations here.

**II.     Discussion**

A federal court sitting in diversity applies the substantive law of the state in which the court sits. *Urban Hotel Dev. Co. v. President Dev. Co., L.C.*, 535 F.3d 874, 877 (8th Cir. 2008). The obligation to apply state law extends to the forum state's choice-of-law principles. *Klaxon*

*Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). "Under Missouri's choice-of-law rules, courts apply the substantive law of the state with the 'most significant relationship' to the occurrence and the parties." *Winter v. Novartis Pharm. Corp.*, 739 F.3d 405, 410 (8th Cir. 2014) (quoting *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 621 (8th Cir. 2004)).  When resolving choice-of-law questions in a tort action, Missouri courts consider the following factors: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Id.*  For personal injury actions, Missouri defaults to the law of the place of injury, unless some other state has a more significant relationship.  *Id.*  Thus, "Missouri's formulation 'essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred.'" *Id.* (quoting *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994).

  Applying this four-factor test, the Court finds that Missouri has the most significant relationship to Plaintiffs' punitive damages claim.  First, the parties agree that the place of injury is Missouri.  *See* Doc. 266 at 50:10-16.  Thus, the law of Missouri presumptively applies. *Winter*, 388 F.3d at 621.  The third factor—the domicile, residence, nationality, place of incorporation and place of business of the parties—favors neither Missouri nor Indiana. Plaintiffs Philip and Mary Bayes are residents of Missouri.  But each of the four Biomet entities named as defendants in this case has its principal place of business and state of incorporation in Indiana.  Doc. 266 at 64:1-10.  Plaintiffs note that the parent company of various Biomet entities is incorporated in Delaware (*see* Doc. 268), but even if a non-party parent company's place of incorporation has any bearing, the Court finds that the exclusively-Indiana principal place of

business and state of incorporation of the Defendants outweighs that attenuated connection to another state.

As to the fourth factor, the Court finds that the parties' relationship is centered in Missouri. Plaintiffs' relationship with Biomet—as relevant to this case—began only when Mary's physician, Dr. Martin, selected the Biomet M2a-Magnum implant for Mary's hip replacement surgeries. Dr. Martin treated Mary in Missouri. Doc. 126-2. He selected the M2a-Magnum implant in Missouri. Doc. 126-1 at 21:2-12. And he performed Mary's surgeries in Missouri. Doc. 266 at 66:10-13. Thus, the Court finds that the parties' relationship is centered principally—if not exclusively—in Missouri.

Biomet contends that the second factor—the place where the conduct causing injury occurred—favors Indiana. Biomet's principal offices are in Warsaw, Indiana and Biomet represents that the M2a-Magnum was designed and manufactured in Indiana. Doc. 266 at 53:11-18; 66:14-19. Plaintiffs allege that Biomet defectively designed the M2a-Magnum and that this defective design caused Mary's injuries. Thus, Biomet's design of the M2a-Magnum is relevant conduct that, allegedly, caused Mary's injuries. Plaintiffs argue that some of Biomet's design work on the M2a-Magnum occurred in states other than Indiana, including Florida and Alabama. Doc. 266 at 53:5-10. No evidence in the record suggests that Biomet performed any design work in Missouri. However, Biomet's own theory of the case is that Dr. Martin's conduct of implanting the left hip implant at an improper angle caused Mary's injuries. Biomet does not dispute that this conduct occurred in Missouri. Doc. 52 at 9-1. In sum, the Court finds this factor mixed.

Even if the conduct-causing-injury factor weighed clearly in favor of Indiana, the Court would still find that Missouri has the most significant relationship to Plaintiffs' punitive damages

claim. The first and fourth factors weigh in favor of Missouri law and the third factor is neutral. Only one factor—the place where the conduct causing injury occurred—might favor Indiana. Assuming it does, the Court nonetheless finds this factor insufficient to overcome the presumption that Missouri—the place of injury—has the most significant relationship to the claims at issue. The Court reaches this conclusion not simply by a numerical evaluation of the factors for and against application of Missouri law, but by consideration of the relative strength of the evidence supporting the various factors. As discussed above, the Court finds that the first and fourth factors clearly and unambiguously favor Missouri law, but the second factor possibly favors Indiana.

Finally, the Court recognizes that "Missouri has a strong interest in applying its punitive damages laws to deter conduct by corporations doing business in Missouri that harms Missouri residents." *Winter*, 739 F.3d at 410. The Missouri Supreme Court has determined that Missouri citizens' right to trial by jury on a punitive-damages claim has a constitutional dimension. *See Lewellen v. Franklin*, 441 S.W.3d 136, 144 (Mo. 2014). Whatever interest Indiana may have in the application of its laws to this case "does not overcome Missouri's presumption that the law of the place of injury should apply." *Winter*, 739 F.3d at 410.

### III. Conclusion

The Court finds that Missouri law applies to Plaintiffs' claim for punitive damages.

Dated: October 2, 2020.

SLR.CR

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**