UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY BAYES and PHILIP BAYES, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:13-cv-00800-SRC |
| | ) |
| BIOMET, INC., et al., | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

The Court has denied Biomet's motion for summary judgment on Plaintiffs' punitive damages claim. *See* Doc. 260. The Court has further determined that Missouri law applies to Plaintiffs' claim for punitive damages. Doc 293. The Court now addresses the procedure by which the Court will permit the presentation of evidence at trial pertaining to punitive damages. The Court will bifurcate the trial.

**I.      Bifurcation of Trial**

Rule 42(b) of the Federal Rules of Civil Procedure provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial

Fed. R. Civ. P. 42(b). Rule 611 vests the trial court with "reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Civ. P. 611(a). Further, the Federal Rules of Evidence permit the Court to exclude evidence if its probative value is substantially outweighed by the danger of, among others, unfair prejudice, confusing the issues, or wasting time. Fed. R. Evid. 403; *cf.* Fed. R. Evid. 102, 105.

1

The Court finds that bifurcating trial in this matter will avoid unfair prejudice and confusion of the issues, expedite the trial, and avoid wasting time. Fed. R. Civ. P. 42(b);  Fed. R. Civ. P. 611(a); Fed. R. Evid. 403, 102, 105.  Bifurcation will also aid in managing the presentation of evidence, recognizing that in light of the remaining claims, some evidence is admissible, if at all, only for punitive damages. See *id.*; *see also* Doc. 266 at 37-46; Doc. 288. The first phase of trial will address liability and actual damages.  If the jury reaches a verdict for Plaintiffs after the first phase of trial, the trial will proceed to the punitive damages phase before the same jury.  The Court will not permit any evidence that relates only to punitive damages during the liability-and-actual-damages phase of trial.

## II. Deposition Designations and Witness Exhibits

The parties initially submitted multiple hundreds of objections to deposition designations and witness exhibits. *See* Docs. 255, 256, 261, and 262.  After the Court instructed lead counsel for the parties to meet and confer to resolve these objections, counsel disappointingly submitted over 200 objections for the witnesses expected to testify on just the first two days of this three-week trial.  Doc. 289.  The Court finds that many of these objections fall clearly within the scope of the Court's prior rulings on the parties' motions in limine.  Many more objections will be resolved by the Court's foregoing Order on bifurcation.

Accordingly, the Court rules on all objections to all deposition designations and all witness exhibits consistent with its prior rulings on the parties' motions in limine.

The Court rules on all objections to deposition designations and witness exhibits consistent with the foregoing Order regarding bifurcation of trial as to punitive damages.  For example, the Court has previously ruled that sales and marketing materials may be relevant and

admissible as to punitive damages.  In light of the Court's bifurcation ruling, this evidence will be admissible (if at all) only during the punitive damages phase of trial.

      The Court expects counsel to adhere to these rulings in their presentation of evidence, whether by testimony or in exhibits.  The Court will allow counsel to file the spreadsheets of objections and responses so that they are part of the record.  To the extent any objections to deposition designations remain unresolved based on these rulings, the Court will address and rule on any remaining objections to the testimony of witnesses expected to testify on the first two days of trial and related exhibits when Court convenes at 8:00 a.m. on October 5, 2020, and thereafter if and as necessary, outside of the presence of the jury.

Dated: October 4, 2020.

_SL R. CR_
_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**