**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BAYES and PHILIP BAYES, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-cv-00800-SRC |
| | ) | |
| BIOMET, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## Memorandum and Order

This matter is before the Court on [338] Plaintiffs' Request for Guidance. Plaintiffs seek the Court's guidance "in how to elicit testimony regarding payments made to defense witnesses in other matters…without violating the Court's Order pertaining to OSI." Doc. 338. Biomet submitted a response to Plaintiff's Request for Guidance. Doc. 339.

During a hearing on October 19, 2020, outside the presence of the jury, the Court advised Plaintiffs' counsel that it considers the Request for Guidance an attempt to recast the record to suggest that the Court has been unclear, when in fact, the Court has been both clear and explicit. Further, the Court finds that the Request for Guidance is an attempt to suggest that Plaintiffs' counsel, Darin Schanker, *inadvertently* violated the Court's orders, when the record shows deliberate violations. The Court provided numerous examples of Mr. Schanker's violative conduct, with citations to the trial record, beginning during opening statements and culminating in his "direct violation" of the Court's instruction not to mention "lawsuits, cases, [or] claims" during his cross-examination of Dr. Steven Kurtz. Doc. 345 at 185:3-186:16.

After citing applicable legal standards governing the Court's inherent authority to issue sanctions for contempt of court, the Court advised Mr. Schanker, and all of Plaintiffs' attorneys, as follows:

- The Court intends to impose sanctions for any further violations of its orders by Mr. Schanker.

- Sanctions may include summarily ending Mr. Schanker's examination of a witness, at which time the Court *may* allow another member of Plaintiffs' counsel team to immediately proceed with any remaining examination of the witness.

- Sanctions may also include terminating Mr. Schanker's participation in any further proceedings in the presence of the jury (including examination of witnesses and presenting closing argument), or terminating Mr. Schanker's further participation in this trial entirely.  Should such further violation occur during closing argument, the Court will consider summarily ending Mr. Schanker's closing argument, and the Court will consider other appropriate sanctions as warranted by Counsel's conduct.

The Court provided notice to Mr. Schanker and all Plaintiffs' attorneys present for the hearing of the possible sanctions detailed above.  The Court advised Plaintiffs' counsel that they must be prepared to proceed in conformance with the Court's rulings, including but not limited to the need to step in for Mr. Schanker if and where appropriate, based on the Court's future rulings.  The Court ordered Mr. Schanker, and all of Plaintiffs' attorneys, to notify each of Plaintiffs' attorneys of record of the notice detailed above within fifteen minutes of the public filing of the hearing transcript (later modified to within fifteen minutes of the court reporter's emailing of the transcript to counsel).  That transcript was emailed to counsel at 12:59 p.m. on October 19, 2020.  Doc. 343.

Finally, the Court asked Mr. Schanker if he fully understood all of the Court's instructions on this issue, and provided opportunity to be heard. Mr. Schanker stated that he understood and declined the opportunity to be heard at this time.

Dated: October 21, 2020.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**