UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY BAYES and PHILIP BAYES,<br><br>Plaintiffs,<br><br>v.<br><br>BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC, BIOMET MANUFACTURING, LLC f/k/a BIOMET MANUFACTURING CORP.,<br><br>Defendants. | Case No. 4:13-cv-00800-SRC |

**DEFENDANTS' RENEWED EVIDENTIARY CUTOFF MOTION *IN LIMINE***

Defendants Biomet, Inc., Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing, LLC (collectively, "Biomet" or "Defendants") respectfully renew their motion *in limine* number 3 (Doc. 206) to exclude evidence of events, documents, and statements that post-date Mrs. Bayes's April 28, 2008, left hip implant surgery for any purpose during the punitive damages phase of trial. *See* Doc. 206, Defendants' MIL, at 5–7.

Under *State Farm v. Campbell*, 538 U.S. 408 (2003), Biomet may only be punished "for the conduct that harmed [Mrs. Bayes]," "upon which liability was premised"—*i.e.*, strict liability design defect or negligent design defect. *Id*. at 422, 423. While evidence that post-dates Mrs. Bayes's implant surgery may be relevant to the pending liability question of whether the M2a-Magnum was in a "defective condition unreasonably dangerous," the punitive damages phase of trial will focus solely on whether Biomet's conduct that harmed Mrs. Bayes showed a complete indifference to or conscious disregard for the safety of others. *See* Jury Instruction No. 17; Fed. R. Evid. 402; *see also* Aug. 6, 2020 Tr. at 30:12-31:6 (quoting and recognizing that *Campbell*, 538 U.S. 408, will guide the Court's relevancy analysis during the punitive damages phase). Because

- 1 -

Biomet's conduct after the M2a-Magnum was implanted in Mrs. Bayes's hips could not have harmed her (*i.e.*, had any effect on her clinical outcome and claimed damages), such evidence is irrelevant to punitive damages.[1]

Granting Biomet's renewed motion *in limine* would be consistent with the Court's prior orders. The Court originally held that post-sale evidence was only relevant to whether the product was "unreasonably dangerous" for the purposes of strict liability. *See* Sept. 24, 2020 Tr. 39:3–7 ("With respect to the evidence after Mrs. Bayes or Mary's implantation shows that the design of the M2a-Magnum was unreasonably dangerous, and, again, providing there were no intervening design changes, I ruled that it's admissible to show strict liability defective design."). If this case proceeds to the punitive damages phase of trial, the jury will have already resolved whether the product is unreasonably dangerous by rendering a verdict after the liability phase.

For all the reasons expressed above, Biomet's conduct after April 28, 2008 "bore no relation" to Mrs. Bayes's harm, and Plaintiffs should be prohibited from introducing evidence or making argument associated with Biomet's conduct after April 28, 2008. *See Campbell*, 538 U.S. at 422.

Respectfully submitted by:

Dated: October 21, 2020

/s/ *John P. Mandler*
John P. Mandler
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7221
Facsimile: (612) 766-1600

---

[1] Plaintiffs' failure to warn claim was dismissed, so Plaintiffs' cannot argue that Biomet can be liable for punitive damages based on failing to warn Mrs. Bayes or her surgeons of newly discovered risks of the M2a Magnum after the date of implantation.

john.mandler@faegredrinker.com

Adrienne F. Busby (*admitted pro hac vice*)
Andrew L. Campbell (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
adrienne.busby@faegredrinker.com
andrew.campbell@faegredrinker.com

Tom Joensen (*admitted pro hac vice)*
Stephanie Koltookian (*admitted pro hac vice)*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
tom.joensen@faegredrinker.com
stephanie.koltookian@faegredrinker.com

Troy A. Bozarth, No. 5209515
M. Elizabeth Dyer Kellett, No. 64954
HEPLERBROOM LLC
211 North Broadway, Suite 2700
St. Louis, Missouri 63102
Telephone: (314) 241-6160
Facsimile: (314) 241-6116
tab@heplerbroom.com
edk@heplerbroom.com

*Attorneys for Defendants*

US.129831759.01

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

    James D. O'Leary
    Michael J. Quillin
    Michael S. Druse
    O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN
    The University Tower
    1034 S. Brentwood Blvd., Penthouse 1-A
    St. Louis, MO 63117

    Darin L. Schanker
    John Christopher Elliott
    Melanie Sulkin
    BACHUS & SCHANKER LLC
    101 West Colfax, Suite 650
    Denver, CO 80202

    Zachary L. Wool
    BARRIOS, KINGSDORF & CASTEIX, LLP
    701 Poydras Street, Suite 3650
    New Orleans, LA 70139

    */s/ John Mandler*