# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY BAYES and PHILIP BAYES, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-cv-00800-SRC |
| | ) | |
| BIOMET, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## Memorandum and Order

This matter is before the Court on [367] Plaintiffs' Confidential Motion for access to portions of the sealed record. The Court grants the motion.

On October 22, 2020, after the jury returned a verdict, Defendants moved for judgment in their favor notwithstanding the verdict, or in the alternative for a mistrial, due to an allegedly inconsistent verdict. While this motion was pending, the Court learned that a juror had received notification of a positive test for COVID-19. The Court reconvened proceedings and notified those in the courtroom:

> [F]or reasons I can't explain right now but I will very shortly, I have to recess the trial for approximately two weeks. So I need at this point for anyone who is not…a party to the case or a lawyer on the case to leave the courtroom. I'm sealing this portion of the record.

Oct. 22 Trial Tr. at 49:16-321.

After excusing all except the parties and counsel of record from the courtroom, the Court continued proceedings on the record but under seal. The Court notified those remaining in the courtroom that a juror had tested positive for COVID-19, and for health and safety reasons that juror remained outside the courthouse. At the request of Defendants' counsel, and with Plaintiffs' consent, the Court instructed the parties and their attorneys to refrain from

commenting on the verdict to the media. The Court informed counsel that the Court would make an additional record with the juror who had tested positive and, to protect the juror's privacy, provide a synopsis of the interview to lead counsel. Both counsel consented to the Court doing so *in camera*, with Defendants' counsel emphasizing that there was no need to expose additional people to the COVID-19-positive juror. The Court then excused everyone from the courtroom except for lead counsel for the parties.

The Court reconvened the remaining members of the jury, notified them of, among other things, the positive test, and informed them that the trial was in recess but that they were not discharged. The Court also notified the jurors that they should get tested, and provided information on sites where they could do so free of charge. After giving the jury a recess instruction that counsel had agreed on, the Court recessed the jury.

The Court adjourned those proceedings at 3:42 p.m. Then, outside the courthouse, and in the presence of only the court reporter, the Court interviewed Juror No. 10, the juror who tested positive, regarding the circumstances and chronology of his positive test. On October 24, 2020, the Court provided by email a robust synopsis of the interview to lead counsel for the parties, with instructions not to disseminate the information except as necessary for health reasons. The Court informed counsel that Juror No. 10 did not learn of his positive test result until over an hour after the jury reached the verdict, did not provide any information that would suggest that any juror had any knowledge of possible COVID-19 infection at any time before the verdict was reached (at approximately 9:45 a.m. on October 22) or read (at approximately 10:20 a.m. on

October 22), and that Juror No. 10 did not make any comment whatsoever about the deliberations.[1]

Defendants now request access to certain portions of the record placed under seal. Specifically, Defendants ask that the following be made available:

- The portion of the transcript in which all counsel for the parties were present;
- The portion of the transcript in which lead counsel for the parties were present, with and without the jury present;
- The Court's interview with Juror No. 10; and
- The Court's synopsis of the interview.

The Court grants Defendants' motion.  The Court will unseal the sealed portions of the transcript of the October 22 courtroom proceedings and the synopsis of the Court's voir dire interview of Juror No. 10.  Further, the Court will also unseal the portion of the record containing the Court's voir dire of Juror No. 10, with redactions only as necessary to protect his identity. Accordingly, the Court has instructed the court reporter to prepare two versions of the voir dire transcript, one with Juror No. 10's name redacted.  To be clear, the unredacted version of the voir dire transcript will remain under seal, notwithstanding anything in this Order to the contrary.

Dated: October 27, 2020.

_SL R. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

---

[1] In relevant part, the Court's synopsis stated: "After concluding my questions about the circumstances of his positive test, I asked 'is there anything else at all you want to report to me, whether about your health, the case or otherwise?'  Juror 10 responded 'I can think of nothing.'"