# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MARY BAYES and PHILIP BAYES,

    Plaintiffs,

v.

BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET U.S. RECONSTRUCTION, LLC, BIOMET MANUFACTURING, LLC f/k/a BIOMET MANUFACTURING CORP.,

    Defendants.

Case No. 4:13-cv-00800-SRC

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' BILL OF COSTS**

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54-8.02, Defendants object to Plaintiffs' Bill of Costs, Dkt. 433. Plaintiffs ask the Court to enter an award of costs of $182,763.09 against Biomet. Plaintiffs' Bill of Costs contains numerous expenses that are not compensable under 28 U.S.C. § 1920 or that are wholly unsupported by documentation, making it impossible for Defendants or this Court to determine whether the fee was necessarily incurred for this case.

When the Bill of Costs is properly limited as more fully described below, only the following costs should be taxed:

| | |
|---|---|
| Fees of the Clerk: | $     0.00 |
| Fees for service of summons and subpoena: | $   77.00 |
| Fees for printed or electronically recorded transcripts: | $2,316.27 |
| Fees for printing: | $     0.00 |
| Fees for witnesses: | $ 320.00 |
| Fees for exemplification: | $     0.00 |
| Other costs: | $     0.00 |
| Total: | $2,713.27 |

The above costs are consistent with § 1920, the Supreme Court's mandates and awards in cases of similar complexity.

**Legal Standard**

The taxing of costs is governed by Rule 54(d) and 28 U.S.C. § 1920. The trial court has discretion to decide whether to tax costs at all. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) ("Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party."). If costs are awarded, the Supreme Court has required that they be limited to the "narrow scope of taxable costs" enumerated in 28 U.S.C. § 1920. *Taniguchi*, 566 U.S. at 572–73 (finding certain costs to be non-recoverable "[b]ecause taxable costs are limited by statute and are modest in scope" and "the discretion granted by Rule 54(d) is

1

not a power to evade the specific categories of costs set forth by Congress" in § 1920); *accord Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (§ 1920 "imposes rigid controls in cost-shifting in federal court, and absent explicit statutory or contractual authorization for the taxation of expenses . . . as costs, federal courts are bound by the limits set forth in section 1920").

"The party seeking to recover costs must fully establish the amount of the compensable costs and expenses to which it is entitled." *ABT Sys., LLC v. Emerson Elec. Co.*, No. 4:11CV00374 AGF, 2016 WL 5470198, at * 2 (E.D. Mo. Sept. 29, 2016); *see also Marmo*, 437 F.3d at 763 (affirming district court's refusal to "award costs that were described insufficiently"); *Morgan v. United Parcel Serv. of Am., Inc.*, No. 4:94-CV-1184 CEJ, 2002 WL 35649388, at * 4 (E.D. Mo. Mar. 29, 2002) (denying costs because "in several instances plaintiffs' records are so difficult to decipher and so vague as to content that meaningful review is impossible").  To be taxable, costs must be "necessarily obtained" for the case.  28 U.S.C. § 1920; *A.H. v. St. Louis Cnty., Mo.*, No. 4:14-CV-2069 (CEJ), 2017 WL 1540600 (E.D. Mo. Apr. 28, 2017) ("Incurred costs must . . . be 'necessarily obtained' for use in the case." (internal quotation marks and citation omitted)); *see also Hiegel v. Hill*, 771 F.2d 358, 360 (8th Cir. 1985) (district court must "carefully scrutinize the prevailing party's bill of costs" and award only those expenses that are "necessary to the litigation," finding that district court abused its discretion in awarding expert fees without finding that the expert testimony was "crucial to the issues to be decided").  Thus, Plaintiffs bear the burden to (1) establish that it is entitled to the alleged costs, including that the expenses incurred were "necessarily obtained for use in the case"; and (2) provide sufficient evidence that the cost was incurred and paid by Plaintiffs.

**Argument**

I. **Plaintiffs Have Not Sufficiently Supported Their Claim for $891.21 in Fees of the Clerk.**

Plaintiffs claim $891.21 in filing fees, but provide no receipts to prove those amounts were actually paid. Further, the "Final Settlement Distribution Statement" submitted in support of their Bill of Costs identifies a much lower amount of court fees — $459.40. *Compare* Dkt. 433-1, at 2 (identifying the amount of "US Court Fees" as $459.40) *with* Dkt. 433-2, at 1 (identifying a total of $891.21 in "Filing Fees"). The Court and Defendants should not be left guessing which amount (if either) is accurate. *See ABT Sys.*, 2016 WL 5470198, at * 2 (placing burden on party seeking to recover costs to substantiate the claimed amounts).

Therefore, the allowable cost of filing fees is **$0.**

II. **Plaintiffs Are Not Entitled to Recover Private Process Server Fees Under Well-Established Eighth Circuit Precedent.**

Plaintiffs seek to recover private process server costs of $3,668.73 for service of process completed by private process servers, including service of the Complaint and service of trial subpoenas on Dr. Christopher Mudd, Mr. Jacob Weible (2), Dr. Jing Xie (2), Dr. Christine Osman (2), Mr. John Susaraba, and Mr. James Lancaster. *See* Dkt. 433-1, at 1 (identifying "PROOF" as their entity being paid for service of process), 433-1 at 4–12 (PROOF invoices). These fees should not be allowed because only recovery of "[f]ees of the clerk and marshal" are permissible under 28 U.S.C. § 1920(1). "While the marshal no longer serves summons or subpoenas in most civil cases, § 1920(1) nevertheless limits recoverable service fees to those of the marshal." *King v. Sw. Foodservice Excellence, LLC*, No. 4:17 CV 2551 CDP, 2019 WL 6117577, at *2 (E.D. Mo. Nov. 18, 2019) (refusing to tax private process server fees). As a result, "relying on the clear language of § 1920(1) as well as Eighth Circuit precedent, *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.

1985), this court has repeatedly held that the fees of private process servers are not taxable as costs under 28 U.S.C. § 1920." *Id.* (collecting cases); *see also Nationwide Affinity Ins. Co. of Am. v. Deimund*, No. 1:16CV298 ACL, 2018 WL 6570881, at *1 (E.D. Mo. Dec. 13, 2018) (same). None of the private process server costs may be taxed.

Therefore, the allowable cost of server of process fees properly allowable is **$77**, the amount of service fees identified as paid to the sheriff.

### III. Plaintiffs' Request for Transcript Fees Includes Numerous Non-Taxable Expenses and Charges.

Plaintiffs seek $51,165.11 for what they describe as "Printed or Electronically Recorded Transcripts" related to 108 separately claimed deposition expenses, plus $33,397.37 for court transcripts. Doc. 433-2, at 4–5. Biomet objects to all of Plaintiffs' claimed printed and electronically recorded transcript costs. At the outset, Biomet objects to allowing any of Plaintiffs' requested deposition transcript costs because Plaintiffs' documentation is unclear that *any* of the requested transcript costs were actually paid.[1] Under these circumstances and in light of Plaintiffs' poor documentation, denying these requested costs is appropriate. *See Marmo*, 457 F.3d at 763 (affirming where "the district court refused to award costs that were described insufficiently"); *Morgan*, 2002 WL 35649388, at * 4 (denying costs because "in several instances plaintiffs' records are so difficult to decipher and so vague as to content such that meaningful review is impossible").

---

[1] At least one submitted bill contained a statement date of December 14, 2020 (the day before Plaintiffs' Bill of Costs was filed) for a deposition taken in May 2020. *See* Dkt. 433-1, at 30. Biomet believes this was for a deposition of Dr. Kantor, as the total reflected in the statement — $1,545.64 — matches a requested payment for a Dr. Kantor transcript. *See* Dkt. 433-2, at 2. Biomet has identified other examples where it appears that Plaintiffs may not have paid the invoice, or possibly paid the invoice late and are claiming the cost of the invoice in duplicate. *See, e.g.*, Dkt. 433-2, at 2 (requesting $172.17 and $147.75 for deposition charges related to Dr. Christopher Mudd); Dkt. 433-1, at 16, 18–19 (three invoices requested fees for Job No. 209793, regarding the deposition of Dr. Christopher Mudd, for identical services, with a beginning charge of $147.75, but with incrementally increasing finance charges applied to each bill leading to new balance of $172.17).

Therefore, the total allowable cost for printed or electronically recorded deposition transcripts should be **$0.**

In the alternative, even assuming the deposition transcript invoices were paid, Biomet objects to the requested amounts because (1) many of the depositions were not necessarily obtained for use in this case; (2) the fees requested for deponents who did testify at trial include fees that are not taxable, such as delivery and handling, video synching, finance charges, and scanned exhibits; and (3) Plaintiffs request the full amount for deposition fees for common-issue witnesses, which should be either denied in their entirety because those transcripts were provided at no cost to Plaintiffs through the Plaintiffs' Steering Committee and/or Biomet,  or the expenses should be apportioned among all of the cases that were remanded from the MDL proceedings.

Finally, Biomet further objects to Plaintiffs' requested trial transcript fees because they include charges for Realtime transcripts, rough transcripts, and dailies, which were incurred for the convenience of counsel.  Based on Biomet's review, the allowable cost of printed or electronically recorded trial transcripts necessarily obtained for use in the case that are properly allowable is **$2,316.27**, as explained in more detail below.

    **A. If the Court allows any costs for deposition transcripts, Plaintiffs' requested costs should be drastically reduced.**

        **1. Plaintiffs cannot tax costs for deposition transcripts that were not necessarily obtained for the case.**

Plaintiffs are not entitled to recover the costs of deposition transcripts of people who did not testify at trial, either live or through those depositions.  Deposition transcript costs are recoverable only if the deposition was "necessarily obtained for use in the case; and not taken merely for discovery or investigative purposes." *Thirty & 141, LP v. Lowe's Home Centers, Inc.*, No. 4:06-CV-01781-SNL, 2008 WL 1995344, at *1 (E.D. Mo. May 6, 2008).  "The actual use of

5

a deposition at trial is direct evidence of its necessity." *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1134 (E.D. Mo. 1998).

Plaintiffs' bill of costs does not offer anything to suggest that transcripts of inadmissible testimony,[2] or of witnesses who did not testify at trial and whose testimony was not used to determine any issue in the case, were "necessary" under section 1920. Indeed, the sheer number of deposition transcripts purportedly ordered (109) for a three-week trial demonstrates that the depositions were not all necessary for trial. Therefore, Biomet objects to the taxation of all deposition costs for persons who did not testify at trial, which accounts for $17,411.82. These deponents who did not testify at trial and the requested fees associated with them are identified in the attached **Exhibit A.**

### 2. Plaintiffs' requested deposition costs for persons who did testify at trial include non-taxable expenses.

Plaintiffs' requested costs for deposition transcripts for witnesses who testified at trial include non-recoverable ancillary costs. These costs are incurred solely for the convenience of counsel and are not specifically authorized under Section 1920. *See Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) (Rule 54 may not be construed to authorize "an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect"); *see also Taniguchi*, 132 S. Ct. at 1999 (construing "costs" under § 1920 narrowly). Plaintiffs seek reimbursement of non-recoverable expenses with several of their requested transcript fees, including finance charges/debits, exhibit scanning, handling & delivery fees, and video synchronization. *See, e.g.*, Dkt. 433-2, at 2 (claiming $202.59 for Philip

---

[2] For example, Plaintiffs have requested $810 relating to depositions for Paul Haber and Dr. Edward Stolarski, who were case-specific fact witnesses in another case, *Zaremba v. Biomet Orthopedics. See* Dkt. 433-1, at 63, 104–07. Mr. Haber and Dr. Stolarski's testimony had no relevance to this matter and cannot be taxed as costs.

Bayes's deposition transcript; $501.90 for Aubrey Corwin's deposition transcript; $247.50 for Victor Zuccarello's transcript); Dkt. 433-1, at 17 (invoice stating the balance included handling & delivery, and finance charges/debits); Dkt. 433-1, at 21 (invoice stating the $501.90 balance included finance charges/debits, Handling & Delivery); Dkt. 433-1, at 42 (invoice for $247.50 for video synchronization for Victor Zuccarello). Ancillary costs associated with depositions are not recoverable under section 1920. *See Faltermeier v. FCA US, LLC*, No. 4:15-cv-00491-DGK, 2017 WL 9807429, at *2 (W.D. Mo. Nov. 8, 2017) ("A cost that is merely associated with a deposition is not compensable.") (collecting cases).

 Courts confronted with this issue have regularly disallowed ancillary costs.  For example, courts have held that postage and delivery expenses are not taxable as costs under section 1920.[3] *See Smith v. Tenet Health Sys. SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); (holding shipping and handling expenses for deposition transcripts are not compensable under § 1921); *Johnson Tr. of Operating Engineers Local #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 527 (8th Cir. 2020) ("Postage and delivery costs are not taxable."); *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-cv-5032-DGK, 2016 WL 6023696, at * 4 (W.D. Mo. July 26, 2016) (denying costs of delivery expenses, including expediting transcripts as not covered by § 1920). Similarly, courts have refused to tax finance charges[4] associated with late payments for deposition transcripts as costs. *See, e.g., Hanson v. Loparex, Inc.*, No. 09-1070, 2012 WL 601032, at *5 (D. Minn. Feb. 23, 2012); *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2020 WL 1943474, at *2 n.1 (E.D.N.C. Apr. 22, 2020) (slip copy).  Finally, video synchronization is not an allowable cost under section 1920 because they are fees incurred for the convenience of counsel and not necessarily

---

[3] Plaintiffs have requested $96 for delivery and handling fees. *See* Ex. B at 4.  Biomet objects to the imposition of any delivery or handling fees.
[4] Plaintiffs' requested transcript costs contain $2,644.58 in finance charges or fees. *See* Ex. B at 4.   Biomet objects to the imposition of any finance charges as a taxable cost.

7

obtained for use in the case. *See AM. Modern Home Ins. Co. v. Thomas*, 4:16 CV 215 CDP, 2019 WL 3974351, at * 2 (E.D. Mo. Aug. 22, 2019); *Scott v. Dyno Nobel, Inc.*, 4:16-CV-1440 HEA, 2018 WL 6830110, at * 3 (E.D. Mo. Dec. 28, 2018) (holding synching the video transcript to a written transcript is nontaxable because "[i]t is not a charge for the written transcript or the video of the deposition" and citing case law).[5]

Therefore, Plaintiffs should not be permitted to recover any ancillary costs associated with their deposition transcripts. Biomet has identified the objected to ancillary costs in the attached **Exhibit B.**

> **3.  Plaintiffs should not be permitted to tax common-issue depositions, or, in the alternative any taxation for common-issue depositions should be limited to a *pro rata* apportionment.**

Plaintiffs seek costs for non-case-specific (*i.e.*, common issue) depositions that were noticed in the MDL and/or produced to Plaintiffs pursuant to this Court's Order dated May 14, 2020.[6] *See* Ex. B (identifying common issue depositions in far-right column). There are 74 claimed expenses in this category and they account for $20,760 in costs. Plaintiffs fail to provide any explanation why these depositions are taxable or why additional fees were expended regarding these transcripts. Based on the circumstances, these were not "necessarily obtained for use in the case" as required by § 1920(2).

---

[5] Plaintiffs' requested deposition costs for all deponents includes $16,568.75 for video synchronization. *See* Ex. B at 4. Biomet objects to the imposition of all video synchronization charges.

[6] Pursuant to this Court's Order, Biomet produced, free of charge to the plaintiffs in this case, the transcripts of Christina Arnt, Oliver Barrass, Thomas Bauer, Kenneth Beres, Rob Bigsby, Jeff Binder, Mark Bollinger, Julie Brubaker, Patricia Campbell, Ian Clarke, Trevor Cracknell, John Cuckler (x3), Sujata Dayal, Jocelyn Dixon, Bob Durgin, Paul Eason, Francis Gannon (x3), Jeff Glock, Barbara Goslee, Stephen Graves (x2), Taylor Grimm, Thomas Gross, Robert Hall, Nadim Hallab, Keli Hankee (x2), Eline Harting, Troy Hershberger (x2), Lynette Jackson (x2), Rick Joyhnson, George Kantor (x2), Kurt Kelsey, Imran Khan, Steven Kurtz, Ryan Lakin, Jim Lancaster (x3), Stephen Li, Katie Miller, Seth Nash, Malcolm Naylor, Hari Parvateneni, Karl Pozorski, Angie Racolta, Tom Raish, and Rob Ronk. Plaintiffs should not be permitted to recover any of these costs.

8

To the extent these transcripts are taxable at all, these costs apply to all cases that were remanded from the MDL, and the costs for those transcripts should be apportioned accordingly. *See Marmo*, 457 F.3d at 763–64 (affirming the trial court's decision to apportion exemplification and photocopy costs among 13 cases consolidated for pretrial purposes because "the district court may not award [Plaintiff] costs for expenses that other plaintiffs incurred"). In *Winter v. Novartis*, 739 F.3d 405, 411–12 (8th Cir. 2014), the Eighth Circuit concluded that the district court abused its discretion in awarding MDL-wide costs to a single plaintiff and that the district court should have "allocated the costs pro rata" among the various MDL cases. Other courts have reached similar conclusions in taxing costs in an MDL. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 630 (2d Cir. 1982) (holding that successful MDL plaintiffs were "entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs"). Consequently, Plaintiffs are entitled to only $1/276^7$ of the costs of any properly taxable common-issue transcript fees claimed. After subtracting the improperly claimed costs, *see supra* Section III.A.2, and applying the apportionment, Plaintiffs are at most entitled to $23.97 for their *pro rata* share of the 74 common-issue depositions, if they can offer proof that they actually paid the MDL Plaintiff steering committee for the costs of the transcripts.

### B. Daily, Realtime, and Rough trial transcripts were incurred for the convenience of counsel and are not taxable.

Plaintiffs seek to tax $33,397.37 for trial transcripts, including Daily, Rough, and Realtime transcripts. Some of the claimed expenses show that Plaintiffs are seeking to recover the costs of purchasing all three transcripts for certain trial days. Plaintiffs make no showing that Daily, Rough, and Realtime transcripts were necessarily obtained for use in this case, as opposed to merely for the convenience of counsel.

---

[7] There were 266 cases remanded from the MDL Court, and there are 10 cases remaining in the MDL.

9

As a general rule, such transcripts are *not* taxable and "[b]efore awarding such costs, the court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case." *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985) (refusing to tax trial transcript costs). The fact that such transcripts are "helpful" or even "reasonable" do not make daily, rough or Real-Time transcripts necessary for purposes of 28 U.S.C. § 1920. *Stewart v. City of St. Louis*, No. 4:04CV00885 RWS, 2007 WL 2994444, at *1 (E.D. Mo. Oct. 10, 2007) ("The transcript was certainly helpful in this case, and was a reasonable out-of-pocket expense of counsel, reasonably billed to the client, but I cannot say it was necessary and therefore taxable under § 1920."); *see also Emmenegger*, 33 F. Supp. 2d at 1134–35 ("While a trial transcript is a necessary expense of an appeal, and therefore taxable on appeal . . . it cannot be said that a trial transcript is ordinarily necessary for use in the trial itself.").

In this case, Plaintiffs have only identified three transcripts that were not Realtime, Dailies or Roughs, which account for $2,316.27. Biomet does not object to the claimed $2,316.27 for those three trial transcripts.

Therefore, the allowable cost of printed or electronically recorded transcripts necessarily obtained for use in the case properly allowable is **$2,316.27.**

### IV. Plaintiffs' Requested Fees for Printing Are Not Supported By Sufficient Documentation to Support Taxing Them as Costs.

This request should be denied because the information provided makes it impossible to determine whether such materials were necessary for Plaintiffs' case or were charged at an appropriate rate. The Bill of Costs does not identify specific exhibits that were copied, the cost per page, or how any materials were utilized. *Cf. Kirk*, 2016 WL 6023696, at * 5 (sustaining objection to cost for making photocopies for the Court because such costs are not compensable under § 1920). Indeed, it cites no motions, trial preparation materials, or witnesses that used the

10

exhibits. Plaintiffs' barebones request precludes any meaningful review by the Court and should therefore be denied. *Morgan*, 2002 WL 35649388, at * 4 (denying costs because "in several instances plaintiffs' records are so difficult to decipher and so vague as to content such that meaningful review is impossible"); *Glastetter v. Sandoz Pharms. Corp.*, No. 1:97CV131ERW, 2000 WL 34017154, at *1, 4 (E.D. Mo. Oct. 3, 2000) (denying costs because the party did not specify what documents were copied and did not show what use was made of documents).

Therefore, the allowable cost of printing properly allowable is **$0.**

## V. Plaintiffs' Witness Fees Should Be Limited to Amounts Incurred and By Statutory Limits for Witnesses.

Plaintiffs seek $7,227 in witness fees, but they have provided no documentation in support of any of their claimed fees. Plaintiffs' unsupported requests for witness fees are not enough to meet their burden to tax the total amount of their witness fees as costs. First, "[c]ourts have routinely rejected mileage requests where the supporting documentation has been found inadequate." *Lift Truck Leas & Serv., Inc. v. Nissan Forklift Corp., N.A.*, No. 4:12-CV-153 CAS, 2013 WL 6331578, at *4 (E.D. Mo. Dec. 5, 2013). Similarly, travel expenses, including subsistence, have been rejected for failure to substantiate the claimed cost. *See Dejana v. Marine Tech., Inc.*, 2014 WL 12799265, at *5 (E.D. Mo. July 8, 2014) (rejecting travel expenses and mileage costs for lack of documentation). Plaintiffs should not recover any costs for mileage or subsistence.

Finally, Plaintiffs' requested costs for several witnesses are excessive under section 1920. Recoverable witness fees are for "witnesses who appeared, and those who, believed to be necessary, appeared but did not testify." *See Dejana*, 2014 WL 12799265, at *4 (quoting *Baird v. Dolgencorp, L.L.C.*, 2013 WL 5106928, at *2 (E.D. Mo. Sept. 12, 2013)); *see also Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015) ("Fees may not ordinarily be taxed for someone

11

who comes to the courthouse but does not testify."). Plaintiffs have not demonstrated that any witness appeared at court (or needed to appear in court) more than the days which that witness testified. On this basis, Biomet objects to 2 days' attendance for Mari Truman, 2 days' attendance for Dr. Kantor, 2 days' attendance for Dr. Lux, and 2 days' attendance for Dr. Gannon.

Biomet does not object to 2 days' attendance for Mari Truman ($80), 1 day's attendance for Dr. Kantor ($40), Dr. Ryan Nunley's attendance ($80), one day's attendance for Dr. Lux ($40), Dr. Martin's attendance ($40), and 1 day's attendance for Dr. Gannon ($40), totaling $320 in attendance fees to account for the days they testified.

Therefore, the allowable cost of witness fees properly allowable is **$320.**

## VI. Plaintiffs' Expenses for Exemplification Are Excessive And Were Not All Necessarily Obtained for this Case.

Plaintiffs seek an award of $49,677.18 for exemplification, including Phase I Trial Copier/Copies, Trial Exhibit Copies, Graphic Designers, and Medical Records. *See* Dkt. 433-2, at 6. However, Plaintiffs' requested exemplification costs are excessive and were not necessarily obtained for this case for the reasons set forth below.

### A. Plaintiffs' graphic designer fees, including the cost of the exemplar surgery was not necessarily obtained for this case.

Graphic designer fees are not taxable as costs. Only exemplifications that are "necessarily obtained for use in the case," not those that merely make trial more efficient, convenient, or expeditious, are taxable. *See Jo Ann Howard & Associates, P.C. v. Cassity*, 146 F. Supp. 3d 1071, 1087 (E.D. Mo. 2015). Therefore, parties are not permitted to recover the costs of exhibits "which were merely illustrative of expert testimony, other adequate evidence, or that served primarily to illustrate counsel's argument." *Id.* at 1086 (collecting cases). This limitation on exemplification is necessary to "avoid the allure of expending vast sums of money on elaborate, professionally

12

prepared exhibits and electronic presentations that might have jury appeal, but such sensational expense should be appropriately be borne at the peril of excessively imaginative counsel." *Id.* at 1087.

Here, Plaintiffs seek taxation of $38,785.00 described as "Graphic Designer Fees for Trial Exemplars/Boards," including $13,555 for an exemplar surgery demonstrative. *See* Dkt. 433-2, at 6. All of the graphic designer fees should be disallowed. The sole purpose of Plaintiffs' graphic designer and exemplar surgery demonstrative was to illustrate expert testimony or illustrate Plaintiffs' counsel's argument, which is not recoverable. *See generally id.* at 1086–88. Indeed, the invoices for Plaintiffs' graphic designer shows that the fees were incurred largely for strategy discussions with Plaintiffs' counsel. *See* Dkt. 433-1, at 133–51. Fees for strategy discussions to develop trial themes are not a recoverable cost. *C.f. Jo Ann Howard & Associates, P.C. v. Cassity*, 146 F. Supp. 3d 1071, 1077 (E.D. Mo. 2015) ("The Court may not award costs other than those authorized by § 1920."). Therefore all $38.785.00 identified for graphic designer fees should be denied.

### B. Plaintiffs' Remaining Exemplification Costs Are Not Taxable or Properly Documented.

Plaintiffs' remaining exemplification costs are not properly taxable or should be otherwise disallowed. First, the Phase I Trial Copier/Copies charge of $4,479.22, claimed as "exemplification," appears to be for the cost of a printer rental. *See* Dkt. 433-2, at 6 (claiming $4,479.22 for "Phase I Trial Copier/Copies"); Dkt. 433-1, at 149 (itemizing $4,479.22 for "MFP Printer Rental"). Equipment rental costs, including for printers or copiers, are not compensable under section 1920. *See Rimini Street, Inc.*, 139 S. Ct. at 878 (Rule 54 may not be construed to authorize "an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect"); *Kirk v. Schaeffler Grp. USA, Inc.*, 2016 WL

13

6023696, at *6 (W.D. Mo. Jul. 26, 2016) (holding equipment rental not compensable under § 1920).

Plaintiffs' remaining exemplification fees are not supported by sufficient documentation, which makes it impossible to determine whether such materials were necessary for Plaintiffs' case. The Bill of Costs does not identify specific exhibits or medical records were copied, and it makes no attempt to explain how any materials were used at trial (if at all). Plaintiffs cite no motions, trial preparation materials, or witnesses that used the exhibits. Furthermore, the invoices fail to document the number of copies made. Plaintiffs' barebones request precludes any meaningful review by the Court and should therefore be denied. *Morgan*, 2002 WL 35649388, at * 4 (denying costs because "in several instances plaintiffs' records are so difficult to decipher and so vague as to content such that meaningful review is impossible"); *Glastetter*, 2000 WL 34017154, at *1, 4 (denying costs because the party did not specify what documents were copied and did not show what use was made of documents). Therefore, the allowable cost for exemplification properly allowable is **$0.**

### VII. Plaintiffs' Claimed "Other Costs" Are Not Taxable.

Plaintiffs request $35,342 in consulting services to "present trial presentation during trial and deposition video edits and cuts." Such costs are not compensable under any portion of Section 1920, and they are therefore non-taxable. Moreover, the services underlying these costs were not necessary to bring this case to trial. Plaintiffs made an independent and discretionary choice to incur these expenses. They are therefore not entitled to reimbursement for them. *See Jo Ann Howard*, 146 F. Supp. 3d at 1087; *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, No. C00-35 LRR, 2004 WL 1234130, at *7 (N.D. Iowa June 2, 2004).

Plaintiffs claim $21,620 for "other" costs for Alaris Trial Services- Technology Services

14

Phase I and $13,722.50 for Alaris Trial Services- Pretrial Case Prep Services.[8]  The invoice descriptions supporting this request are so vague that they preclude any meaningful review by the Court and should therefore be denied. *Morgan*, 2002 WL 35649388, at * 4 (denying costs because "in several instances plaintiffs' records are so difficult to decipher and so vague as to content such that meaningful review is impossible").  Therefore, the allowable "other" costs properly allowable is **$0.**

### Conclusion

Plaintiffs' Bill of Costs should be adjusted by this Court to $2,713.27, which represents the only properly supported and taxable costs available to Plaintiffs under Section 1920.

Respectfully submitted by:

Dated: December 28, 2020

/s/ *John P. Mandler*
John P. Mandler
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
Telephone:  (612) 766-7221
Facsimile:   (612) 766-1600
john.mandler@faegredrinker.com

Adrienne F. Busby (*admitted pro hac vice*)
Andrew L. Campbell (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
adrienne.busby@faegredrinker.com
andrew.campbell@faegredrinker.com

Tom Joensen (*admitted pro hac vice)*

---

[8] The invoices identified in the itemization do not match the balance due for either Alaris invoice identified in the page range.  Based on Biomet's diligence, Biomet believes the pretrial case prep services ($13,722.50) are identified on the invoice as "Pretrial Services – Case Prep" ($11,097.50) and "Pretrial Services Overtime – Case Prep," and the Phase I trial technology services ($21,620) are identified as "Trial Consultant Services – Trial" ($17,412) and "Trial Consultant Services Overtime – Trial" ($4,207.50).  *See* Dkt. 433-1, at 149.

Stephanie Koltookian (*admitted pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa  50309
Telephone:  (515) 248-9000
Facsimile:   (515) 248-9010
tom.joensen@faegredrinker.com
stephanie.koltookian@faegredrinker.com

Troy A. Bozarth, No. 5209515
M. Elizabeth Dyer Kellett, No. 64954
HEPLERBROOM LLC
211 North Broadway, Suite 2700
St. Louis, Missouri  63102
Telephone:  (314) 241-6160
Facsimile:   (314) 241-6116
tab@heplerbroom.com
edk@heplerbroom.com

*Attorneys for Defendants*

16

**CERTIFICATE OF SERVICE**

  I certify that on December 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

  James D. O'Leary
  Michael J. Quillin
  Michael S. Druse
  O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN
  The University Tower
  1034 S. Brentwood Blvd., Penthouse 1-A
  St. Louis, MO 63117

  Darin L. Schanker
  John Christopher Elliott
  Melanie Sulkin
  BACHUS & SCHANKER LLC
  101 West Colfax, Suite 650
  Denver, CO 80202

  Zachary L. Wool
  BARRIOS, KINGSDORF & CASTEIX, LLP
  701 Poydras Street, Suite 3650
  New Orleans, LA 70139

                /s/ *John P. Mandler*