**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY BAYES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-cv-00800 SRC |
| | ) | |
| BIOMET, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**Memorandum and Order**</u>

The childhood game of "I spy with my little eye" involves one person orally describing an item she's viewing and the other people guessing what she's viewing.  It involves both speculation and sleuthing, and a bit of determination, depending of course on the quality and detail of the descriptions provided and the visual acuity and imagination of the people guessing.  The Bill-of-Costs briefing in this case comes remarkably close to a game of "I spy," though the less-than-fulsome descriptions have required more than a fair bit of speculation and sleuthing on the Court's part.  Yet with dogged determination, the Court has trod through each of Plaintiffs' line items of sought-after costs and Biomet's countervailing arguments and concludes that Plaintiffs are entitled to a fraction of what they seek.

**I.      Background**

The Court provided the relevant background in its ruling on Biomet's Motion to Alter the Judgment, Doc. 461.  After the conclusion of the punitive damages phrase of the trial, Plaintiffs filed a Bill of Costs seeking $182,763.09.  Doc. 433.  Biomet filed objections to Plaintiffs' Bill of Costs, arguing that Plaintiffs may only recover $2,713.27.  Doc. 444.  In their reply to

Biomet's objections, Plaintiffs withdrew some costs and now seek to recover $176,673.89.  Doc. 447.

## II.    Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."  Under that rule, costs recoverable include:  (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.  28 U.S.C. § 1920.  Rule 54(d) creates a presumption favoring the award of costs to the prevailing party.  *Computrol, Inc. v. Newtrend*, 203 F.3d 1064, 1072 (8th Cir. 2000).  "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs[.]"  *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).  The Court has substantial discretion in awarding costs.  *Computrol,* 203 F.3d at 1072.  While the Court has discretion in determining the amount of costs, only the categories of costs set forth in section 1920 may be taxed.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

## III.    Discussion

Plaintiffs' $176,673.89 in costs broadly consists of $968.21 for fees of the clerk and marshal, $48,741.73 for deposition costs, $33,397.37 for hearing and trial transcripts, $1,320.40 for printing fees, $7,227.00 for witness fees, and $85,019.18 for exemplification and "other" costs.  *See* Doc. 447.

### A.    Fees of the clerk

Plaintiffs seek $891.21 in filing fees.  Doc. 433 at p. 1; Doc. 433-2 at p. 1.  Biomet argues that Plaintiffs have not sufficiently supported their claim to recover these filing fees.  Doc. 444 at

p. 4.  The docket reflects that Plaintiffs incurred $750.00 in filing fees.  *See* Docs. 1, 20, 56, 75,

215.  Although Plaintiffs' itemized costs included an entry for a filing fee of $141.21 incurred on

March 9, 2016, Doc. 433-1 at p. 3, the Court does not find any docket entry or a receipt

supporting Plaintiffs' claimed fee.  Accordingly, the Court finds that Plaintiffs may recover only

$750.00 in filing fees.

### B.    Private process fees

Plaintiffs withdrew their claim for private process server fees, Doc. 447 at p. 3, leaving

the parties in agreement that Plaintiffs may recover $77.00 in fees to the marshal.

### C.    Deposition costs

Plaintiffs seek to recover various costs related to depositions.  Plaintiffs originally sought

$51,165.11, but withdrew some costs and now claim to seek $48,741.73.  Doc. 447 at p. 5.

However, that amount does not match the total of $46,995.48 provided in Doc. 447-1, the

"breakdown of all deposition transcripts Plaintiffs seek costs for[.]"  Doc. 447 at p. 7.[1]  Finding

the breakdown a better indicator of the costs Plaintiffs seek, the Court uses the costs as outlined

in the breakdown as its basis for awarding costs.

Before wading into the specific categories of costs, the Court addresses Biomet's

argument that Plaintiffs should not be able to recover any deposition costs for lack of

documentation and for duplication of costs.  Doc. 444 at pp. 4–5.  In their reply, Plaintiffs

---

[1] The Court reached the total of $46,995.48 by adding together the total amounts sought for each listed category (as provided in the last line of the "breakdown").  *See* Doc. 447-3 at p. 3.  The Court further notes that the total costs sought for "Digital or PDF or E-Tran Fee" and "Synch CopyFee" do not match total individual costs entered in the spreadsheet.  However, Plaintiffs withdrew their claims for synchronization fees of any provider other than Golkow Litigation Services.  Doc. 447 at p. 7.  Accordingly, after subtracting the costs of the "Digital or PDF or E-Tran Fee" ($579) and "Synch CopyFee" ($2,198.75) for all the non-Golkow transcribed depositions, the amount listed as the total matches the total individual costs entered in the spreadsheet.  Thus, although Plaintiffs stated that they withdrew the synchronization fees for non-Golkow transcripts, based on the total listed in the breakdown, the Court concludes that Plaintiffs must have withdrawn the "Digital or PDF or E-Tran Fee" for all non-Golkow transcripts as well.

provided a more thorough breakdown of the deposition costs they seek and accounted for the duplicate costs Biomet complained of.  *See* Doc. 447-1.  The Court finds that the invoices provided by Plaintiffs as well as the breakdown of costs in spreadsheet form provided sufficient documentation for this Court to review whether Plaintiffs are entitled to the deposition costs they seek.

### 1.    Ancillary costs

#### i.    Finance and delivery/shipping/handling fees

Plaintiffs originally sought to recover costs for finance fees and delivery, shipping, and handling fees for depositions, but Plaintiffs withdrew their request to recover these fees.  Doc. 447 at pp. 7–8.  Accordingly, the Court finds that Plaintiffs may not recover $73.13 in finance fees or $124.00 in shipping and handling fees.  *See* Doc. 447-1 at p. 3.

#### ii.    Expedited fees

Plaintiffs seek to recover $738.90 in fees related to expediting transcripts.  *Id*.  Courts in this district "ha[ve] allowed the cost of expedited transcripts in some cases and denied it in others, based on evidence offered as to why expedited transcripts were reasonable and necessary under the circumstances of each case."  *Hogan Logistics, Inc. v. Davis Transfer Co., Inc.*, No. 4:16-CV-1541 CAS, 2018 WL 3483077, at *2 (E.D. Mo. July 19, 2018) (citing *American Auto Ins. Co. v. Omega Flex, Inc.*, 2014 WL 980398, at *4–5 (E.D. Mo. Mar. 12, 2014) (allowing cost of expedited transcript of hearing on summary judgment and *Daubert* motions as reasonable and necessary because of the short period of time between the ruling on the motions and the deadline for filing motions in limine); *Abt Sys., LLC v. Emerson Elec. Co.*, No. 4:11-CV-00374 AGF, 2016 WL 5470198, at *3 (E.D. Mo. Sept. 29, 2016) (denying expedited transcripts where prevailing party failed to show they were necessary and failed to demonstrate it could not have

4

scheduled the depositions in question earlier to avoid having so many shortly before dispositive motion deadline)) (other citation omitted).

Here, Plaintiffs offer no explanation as to why the expedited transcript fees were "reasonable and necessary in the circumstances of this case. The mere fact that [Plaintiffs] ordered an expedited transcript does not automatically make it reasonable and necessary for [them] to do so." *Id*. With no information provided by Plaintiffs regarding the appropriateness of ordering expedited transcripts, the Court finds that they cannot recover $738.90 in expedited transcript fees.

### iii.      Video synchronization

Plaintiffs initially requested $16,568.75 for video synchronization of deposition testimony. Doc. 444 at p. 9 n.5. Biomet argues that video synchronization cannot be taxed. Doc. 444 at pp. 8–9. Plaintiffs withdrew their claims for synchronization fees for any non-Golkow Litigation Services transcribed depositions, which amounted to $2,198.75, Doc. 447 at p. 7, but maintains it may recover the remaining $14,540.00 in video synchronization fees. *Id*. at p. 8.

Courts in this district have found that synchronization of written and video deposition transcripts constitutes a convenience fee, not a fee for the transcript itself. *See, e.g., Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, 2016 WL 3443574, at *2 (E.D. Mo. June 23, 2016) (finding that synchronization costs are not recoverable because they are "a part of a party's plan to present evidence to the jury"); *see also Am. Modern Home Ins. Co. v. Thomas*, 2019 WL 3974351, at *2 (E.D. Mo. Aug. 22, 2019) (finding that synchronization costs "were incurred for the convenience of counsel and not necessarily obtained for use in the case"); *St. Francis Med. Ctr. v. C.R. Bard, Inc.*, 2010 WL 1980328, at *1 (E.D. Mo. May 18, 2010) ("The Court finds no

authority, however, for taxing as costs the fees for text/video synchronization of seven depositions."). Accordingly, courts normally find that synchronization fees cannot be recovered.

Plaintiffs argue that the present case is distinguishable because they only ordered synchronized copies of the transcripts, while the above-cited cases denied synchronization fees when the party sought such fees in addition to costs for electronic and video transcripts. Doc. 447 at p. 7. Plaintiffs also provided an affidavit from Linda Golkow, Golkow Litigation Services' president, who explained that Plaintiffs would have been charged $95,629.11 had they ordered copies of the complete transcripts, exhibits, and videos of the depositions taken by Golkow in the case. Doc. 447-3 at ¶ 5; *see also* Doc. 447-2 (documenting the charges Plaintiffs would have incurred had they ordered the transcripts, videos, and exhibits). Thus, by opting to only order synchronized copies for a total cost of $21,255.00 ($6,715.00 in costs for in "Digital or PDF or E-Tran Fee" and $14,540 in "Synch Copy Fee"), Plaintiffs saved $74,374.71. Doc. 447 at p. 7; Doc. 447-3 at ¶ 6.

The Court finds Plaintiffs' argument persuasive. The Eighth Circuit permits recovery of costs for both printed transcripts and video recordings of the same deposition if both were "necessarily obtained for use in the case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465–66 (8th Cir. 2015) (citation omitted). It stands to reason then that a party should be able to recover costs when it effectively ordered both the printed transcript and video recording when it opted to only order a synchronized version of both and saved a substantial amount of money doing so. Accordingly, subject to the Court's rulings related to deposition costs below, Plaintiffs may recover costs for synchronization.

## 2. Costs of depositions with transcripts that Biomet already produced to Plaintiffs

Biomet notes that it provided Plaintiffs with the transcripts of certain common-issue depositions pursuant to this Court's order granting Plaintiffs' motion to compel,[2] *see* Doc. 83, and objects to Plaintiffs recovering the costs of those depositions.

Plaintiffs argue that these costs should be recoverable.  They first note that Biomet failed to produce the common-issue depositions to the Plaintiffs' Steering Committee when ordered to in the MDL in March 2020.  Doc. 79-1; *see also In re: Biomet M2a Magnum Hip Implant Products Liability Litigation* 12-MD-2391, Doc. 3833 (N.D. Ind.).  After Biomet failed to produce the depositions despite the order in the MDL, Plaintiffs moved to compel discovery in this Court.  *See* Doc. 79.  On May 14, 2020, the Court ordered Biomet "to produce to Plaintiffs, on or before June 1, 2020, the common issue written discovery and common issue depositions provided and taken in state-court Biomet M2a hip implant cases and produced to state court plaintiffs on or before March 12, 2020."  Doc. 83.  Despite this order, Plaintiffs independently ordered deposition transcripts, videos, and synchronized transcripts.  Doc. 447 at p. 8.

Plaintiffs argue that the ordering of the transcripts was necessary due to Biomet's delay in complying with the MDL's March 12, 2020 order.  For instance, Biomet filed a motion in the MDL "seeking to impose multiple conditions on its compliance with the [MDL's] March 12 order requiring it to produce common issue depositions."  *In re Biomet*, 12-MD-2391, Doc. 3857 at p. 1.  The MDL court denied Biomet's motion on August 10, 2020 and ordered Biomet to

---

[2] "Pursuant to this Court's Order, Biomet produced, free of charge to the plaintiffs in this case, the transcripts of Christina Arnt, Oliver Barrass, Thomas Bauer, Kenneth Beres, Rob Bigsby, Jeff Binder, Mark Bollinger, Julie Brubaker, Patricia Campbell, Ian Clarke, Trevor Cracknell, John Cuckler (x3), Sujata Dayal, Jocelyn Dixon, Bob Durgin, Paul Eason, Francis Gannon (x3), Jeff Glock, Barbara Goslee, Stephen Graves (x2), Taylor Grimm, Thomas Gross, Robert Hall, Nadim Hallab, Keli Hankee (x2), Eline Harting, Troy Hershberger (x2), Lynette Jackson (x2), Rick Joyhnson, George Kantor (x2), Kurt Kelsey, Imran Khan, Steven Kurtz, Ryan Lakin, Jim Lancaster (x3), Stephen Li, Katie Miller, Seth Nash, Malcolm Naylor, Hari Parvateneni, Karl Pozorski, Angie Racolta,Tom Raish, and Rob Ronk."  Doc. 444 at p. 9 n.6.

comply with the March 12, 2020 order no later than August 24, 2020. *Id.* at p. 5. Plaintiffs argue that they needed to order the transcripts in June and July because if they waited for Biomet to comply with the MDL's orders, they would have missed the deadline to designate much of the testimony they used at trial. Doc. 477 at p. 8. Additionally, after acknowledging that Biomet produced some deposition transcripts, Plaintiffs maintain they still needed to order transcripts if they wanted to use them at trial because Biomet produced "unusable .tiff files." *Id.* For all these reasons, Plaintiffs claim the "fault for duplicative costs" lies with Biomet. *Id.*

The Court disagrees. At any time after the Court granted Plaintiffs' motion to compel, Plaintiffs could have raised with the Court how Biomet's delayed compliance with the MDL's March 12, 2020 order would impact Plaintiffs' ability to comply with any of this Court's deadlines. However, Plaintiffs never raised such an issue and therefore cannot recover costs they incurred despite this Court's order instructing Biomet to produce the common-issue depositions as ordered in the MDL. Shifting to Plaintiffs' "unusable format" argument, Judge Williams rejected this same argument in *Nicholson v. Biomet, Inc.*, No. 18-CV-3057-CJW-KEM, 2021 WL 1821190, at *27 (N.D. Iowa May 6, 2021). When Biomet had already separately produced the transcripts, Plaintiffs "should not be able to tax the costs[]" for its decision "to use a different, more compatible format[.]" *Id.* Moreover, rather than independently order transcripts because Biomet's were unusable, Plaintiffs could have moved to compel Biomet to produce a "usable format." Accordingly, the Court finds that Plaintiffs may not recover the costs of the depositions that Biomet already produced the transcripts of.

Except as specified below, Plaintiffs may not recover the deposition costs for the individuals listed *supra* at p. 7 n.2. Biomet produced the deposition transcripts of Stephen Li and Hari Parvatenei, but Plaintiffs do not seek to recover any costs related to Li or Parvatenei.

Biomet produced the written deposition transcripts of non-common issue witnesses Steven Kurtz

and Thomas Bauer, but Plaintiffs also seek $725.00 and $1671.20 in video fees for Bauer and

Kurtz, respectively.  Because Biomet did not designate Bauer or Kurtz as common-issue

witnesses, *see* Doc. 444-2, and do not otherwise object to Plaintiffs recovering these costs, the

Court finds that Plaintiffs may recover the video fees.  Lastly, to the extent certain witnesses

testified in multiple depositions, some common-issue and some specific to this case, and Biomet

did not produce the transcript of every deposition involving these individuals, the Court finds

that Plaintiffs may not recover the costs for the depositions these individuals gave as common-

issue witnesses.  Specifically, Plaintiffs may not recover the deposition costs of Francis Gannon

as listed in the invoices at Doc. 433-1 at 57, 58, and may recover only an apportioned amount of

the video fee in Doc. 433-1 at 44,[3] for a total of a mere 54 cents.[4]  Plaintiffs also cannot recover

the deposition costs of George Kantor as listed in invoices at Doc. 433-1 at pp. 77, 78.

### 3.       Common-issue deposition costs

Plaintiffs also seek to recover the costs of depositions taken of common-issue witnesses.

Biomet argues that these costs should be recoverable only on a pro-rata basis across the MDL

cases.  Doc. 444 at p. 10. The Court agrees.

In *Winter v. Novartis*, 739 F.3d 405, 411 (8th Cir. 2014), the prevailing party sought to

recover transcript costs for depositions used throughout the consolidated MDL proceedings.

After the district court awarded the full costs, the losing party appealed, arguing that the district

court "should have allocated the costs pro rata among the various cases."  *Id*.  The Eighth Circuit

---

[3] In Doc. 433-1 at p. 44, Plaintiffs originally sought the following costs: "Digital or PDF or E-Tran Fee"— $85.00;
video fee—$150.00; "Synch Copy Fee"— $120.00; and expedited fee—$150.00.  As noted above, Plaintiffs
withdrew their claims for synchronization fees of any non-Golkow transcribed depositions and the Court found that
Plaintiffs may not recover expedited fees.  Accordingly, only a pro-rata apportioned video fee may be recovered.
[4] Plaintiffs seeks to recover a $150.00 video fee for Gannon's common-issue deposition.  Because this cost must be
apportioned, the total amount recoverable amounts to 54 cents (150/276 = .54).

found that the district court abused its discretion in awarding full-costs for litigation-wide depositions, stating that "[w]here litigation costs are incurred in connection with more than one proceeding, the district court should allocate the costs." *Id.* at 411–12 (citing *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 764 (8th Cir. 2006)).

Plaintiffs do not take issue with Biomet's suggested 1/276 apportionment, instead arguing that apportioning common-issue deposition costs would be inappropriate, again emphasizing that they "had to request these transcripts apart from . . . the MDL." Doc. 447 at p. 9.  The Court rejects that argument for the reasons stated above.  Accordingly, with Plaintiffs' lack of objection to Biomet's suggested apportionment of 1/276 or designation of common-issue witness deposition costs, Doc. 444 at p. 9, Doc. 447, the Court will apportion all common-issue witness deposition costs by 1/276 to the extent the costs are recoverable in light of the Court's other conclusions regarding deposition costs.

### 4.    Necessary for the case

Biomet argues that Plaintiffs cannot recover deposition costs for individuals that did not testify at trial.  Doc. 444 at p. 6.  However, "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (citation omitted).  A district court has discretion to award costs if the deposition was not "purely investigative." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).  As stated above, the Eighth Circuit permits recovery of costs for both printed transcripts and video recordings of the same deposition if both were "necessarily obtained for use in the case." *Stanley*, 784 F.3d at 465–66 (citation omitted); *see also* 28 U.S.C. § 1920(2); *Hogan*, 2018 WL 3483077, at *3.  "Transcripts are 'necessarily obtained for use in

10

the case' where testimony was used in motions or needed for impeachment at trial, the deponent was on the losing party's trial witness list, or the deposition was 'necessary to the issues' when taken, even if 'use of a deposition is minimal or not critical to that party's ultimate success.'" *Jacobson Warehouse Co., Inc. v. Schnuck Markets, Inc.*, No. 4:17-CV-00764 JAR, 2020 WL 853736, at *3 (E.D. Mo. Feb. 20, 2020), *appeal docketed* 20-1690 (8th Cir. April 2, 2020).

Plaintiffs offer numerous arguments why the deposition transcripts "were necessary for use in the case[,]" Doc. 447 at pp. 3–6, such as noting the individuals that appeared on the parties' witness lists. *Id*. at p. 6. Under *Jacobson*, Plaintiffs may recover costs for deposition transcripts when "the deponent was on the losing party's trial witness list." 2020 WL 853736, at *3; *see also see Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F. Supp. 3d 1071 (E.D. Mo. 2015). Here, Biomet's witness list named many individuals, and also stated that "[a]ny person named on Plaintiffs' Witness List[]" may be called to testify at trial. Doc. 201 at p. 2; *see also* Doc. 210 (Plaintiffs' witness list). Accordingly, the Court finds that Plaintiffs may recover the deposition costs for any individual named on both parties' witness list, subject to any pro-rata apportionment of common-issue witnesses.

The Court has identified six witnesses that did not appear on either party's witness list and whose transcript Biomet did not produce: William Bevan, Paul Haber, Ryan Savage, Randall Shipley, Terry Lee Stoddard, and Edward Stolarski.[5] Plaintiffs offer nothing specific to these witnesses, other than a blanket statement that "[e]very deposition requested by Plaintiffs was necessary for the case." Doc. 447 at p. 4. Ryan Savage, Randall Shipley, and Paul Haber's names did not appear in any filings in this case other than the briefing on the Bill of Costs and

---

[5] Victor Zucarello also fit within this category and Plaintiffs initially sought to recover $247.50 in synchronization fees for his deposition. However, Golkow did not transcribe Zuccarello's deposition and Plaintiffs withdrew their claims for synchronization fees of any non-Golkow transcribed depositions.

thus the Court concludes that they were not necessary to the case.  Next, as Biomet notes, Edward Stolarski served as a case-specific fact-witness in another case, *Zaremba v. Biomet Orthopaedics*, 2014-CA-01932-NC (Fla. Cir. Ct. 2014), but played no role in this case.  The Court presumes Plaintiffs sought Stolarski's deposition transcript to prepare their own witnesses, but that hardly means that transcript was necessary for the case.  Finally, Plaintiffs' counsel did notice the deposition of Terry Lee Stoddard on April 15, 2020, *see* Doc. 78-6 at p. 91, but it is unclear whether that deposition ever took place and the invoice seeking to recover her costs was made on August 31, 2020 for a job performed on September 30, 2015.  Doc. 433-1 at p. 103. Based on these records, the Court finds that Plaintiffs have failed to show how Stoddard was necessary for this case.  In sum, the Court finds that Plaintiffs may not recover deposition costs for Ryan Savage, Randall Shipley, Paul Haber, Terri Lee Stoddard, or Edward Stolarski.

The Court does find that William Bevan's common-issue deposition costs may be recovered at a pro-rata basis because his name appears throughout Plaintiffs' original and amended exhibits lists.  *See* Docs. 211, 219, 291.  Accordingly, Plaintiffs may recover a grand total of $1.20 for Bevan's deposition costs.

### 5.    Deposition costs summary

Based on Court's conclusions regarding deposition costs, Plaintiffs may recover $17,132.95 ($17,101.92 for non-common-issue witnesses; $31.03 for common-issue witnesses).

### D.    Hearing and trial transcripts

Plaintiffs may recover hearing and trial transcripts if they were necessarily obtained for use in this case.  28 U.S.C. § 1920(2).  A transcript does not need to be necessary only for trial to be considered necessary for use in the case.  *See Smith*, 436 F.3d at 889.  Courts in this district consider a number of factors to determine whether to award costs for daily transcripts, including

the length of trial, complexity of the case, and the parties' reliance on the transcripts both during trial and in post-trial motions. *See Cassity,* 146 F. Supp. 3d at 1081; *Smith v. Toyota Motor Corp*, No. 2:16-CV-24 ERW, 2018 WL 3496491, at *3 (E.D. Mo. July 20, 2018).

The Court held multiple pre-trial conferences on the record and the trial lasted a total of thirteen days, spanning over six weeks. *See* Docs. 181, 266, 296–420. Like *Cassity*, the trial involved numerous issues and witnesses, as well as the introduction of an extensive array of evidence. The parties also relied heavily on the transcripts. Beginning with the pre-trial conference and continuing throughout the trial, the Court issued oral rulings from the bench. *See e.g.*, Doc. 266 at 37:16–46:9; Doc. 325 at 121:5–18; Doc. 334 at 279:2–285:6; Doc. 353 at 241:1–243:9; Doc. 357 at 44:8–47:25; Doc. 371 at 50:10–51:12. Additionally, the Court's orders for briefing on various subjects throughout the trial, *see e.g.*, Doc. 334 at 287:21–25, 289:7–290:7, and Biomet's motions, *see e.g.*, Doc. 317, Doc. 334 at 279:3–282:7, Doc. 371 at 46:7–25, Doc. 379, required Plaintiffs to review and cite to the record in filing their responses. *See e.g.*, Docs. 319, 335, 338, 359, 392. The parties have also relied extensively on the trial transcripts in briefing their post-trial motions. *See* Docs. 436–441, 449–51, 455–57. Accordingly, the Court finds that the hearing and daily trial transcripts were necessarily obtained for use in this case and awards Plaintiffs $33,397.37 in costs.

### E.    Fees for printing

Plaintiffs request $1,320.40 for printing internal photocopies. Doc. 433 at p. 1: Doc. 433-2 at p. 5. Biomet argues that Plaintiffs have failed to provide sufficient detail regarding the "specific exhibits that were copied, the cost per page, or how many materials were utilized." Doc. 444 at p. 12. Printing fees are explicitly recoverable under 28 U.S.C. § 1920(4) and "[i]n determining whether a photocopy expense is necessary so as to be taxable as a cost and whether

to award that cost to the prevailing party, the district court enjoys discretion so long as it does not

act arbitrarily."  *Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002).

In their reply, Plaintiffs state that they printed 4,734 documents for this case and "believe

this was reasonable given the vast number of documents exchanged in the case, the length of the

trial, the volume of medical records, and number of testifying experts."  Doc. 447 at p. 12.

Plaintiffs have failed to provide sufficient detail on what documents they copied, how they used

the copies, when they made the copies, or "how they were otherwise made for anything other

than the convenience of counsel."  *Hannan v. Auto-Owners Ins. Co.*, No. 2:13-CV-00053 ERW,

2014 WL 5148187, at *5 (E.D. Mo. Oct. 14, 2014).  While providing specific detail of copies

may be unnecessarily burdensome in complex cases such as this one, *see Scott v. Dyno Nobel,*

*Inc.*, No. 4:16-CV-1440 HEA, 2018 WL 6830110, at *2 (E.D. Mo. Dec. 28, 2018), "[a]mounts

requested for copy costs must be 'documented or itemized in such a way that the Court can

meaningfully evaluate [a] request.'"  *Golan v. Veritas Ent., LLC*, No. 4:14-CV-00069 ERW, 2017

WL 5564538, at *4 (E.D. Mo. Nov. 20, 2017) (alterations in original) (quoting *Yaris v. Special*

*Sch. Dist. of St. Louis Cty*, 604 F. Supp. 914, 914 (E.D. Mo. 1985), *aff'd,* 780 F.2d 724 (8th Cir.

1986)).  Based on the information provided by Plaintiffs, the Court cannot meaningfully evaluate

their request.  *See also Two Branch Marina, Inc. v. W. Heritage Ins. Co.*, No. 4:07-CV-1017

CDP, 2009 WL 36395, at *1 (E.D. Mo. Jan. 6, 2009) (denying request for copying expenses

when "there [was] no evidence that [the copies were] anything other than routine internal copy

charges").  Accordingly, the Court denies Plaintiffs' request for $1,320.40 for printing internal

photocopies.

F.     **Witness fees**

"The witness fee specified in [28 U.S.C. §] 1920(3) is defined in 28 U.S.C. § 1821."

*Crawford Fitting Co*., 482 U.S. at 440.  28 U.S.C. § 1821, in relevant part, provides:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> . . . .
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> . . . .
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (c)(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(a)(1), (b), (c)(1), (2).

> Regarding witness subsistence, 28 U.S.C. § 1821 provides:
>
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
>
> (d)(2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C. § 1821(d)(1), (2).  Accordingly, Plaintiffs may recover $40.00 per day of attendance at trial and for the days necessary to go to and return from St. Louis, a travel allowance for mileage prescribed by the GSA for each witness who traveled by privately-owned vehicle, and a subsistence fee not to exceed the per diem amount allowed by the GSA.

Beginning with the attendance fees, Plaintiffs seek to recover a total of $640.00 in attendance fees for four days of Mari Truman, three days for Dr. George Kantor, two days for Dr. Ryan Nunley, three days for Dr. Paul Lux, one day for Dr. Daniel Martin, and three days for Dr. Francis Gannon.  Doc. 433 at p. 2.  Biomet argues that Plaintiffs have not demonstrated that any witness appeared at court (or needed to appear in court) more than the days on which that witness testified.  Doc. 444 at pp. 13.  Based on this argument, Biomet believes attendance fees should be paid as follows: two days for Mari Truman, one day for Dr. Kantor, two days for Dr. Nunley, one day for Dr. Lux, one day for Dr. Martin, and one day for Dr. Gannon, totaling $320.00 in attendance fees.  *Id*.

However, section 28 U.S.C. § 1821(b) expressly provides that "[a] witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."  Thus, with respect to Truman, Kantor, Lux, and Gannon, the witnesses whose days of attendance Biomet seeks to limit, Plaintiffs may recover for the days of testimony as well as the time needed to get to and depart from St. Louis.  Truman, Kantor, Lux, and Gannon all lived out of state at the time of the trial.  Doc. 433 at p. 2; Doc. 447 at p. 12.  For this reason, as Plaintiffs note, these witnesses needed to arrive a day earlier than their scheduled testimony, and "not knowing how long they would remain on the stand, booked flights for when [they] anticipated the testimony ending."  Doc. 447 at p. 12.  The Court finds the days Plaintiffs seek

16

attendance fees for appropriate and therefore Plaintiffs may recover the full $640.00 they seek in attendance fees.

Next, Plaintiffs seek $4,967.00 in mileage fees for their witnesses.  Biomet argues that Plaintiffs may not recover the mileage fees for lack of documentation.  Doc. 444 at p. 12.  The Court agrees.  Local Rule 8.03 "require[s] the party seeking an award of costs to file a verified bill of costs in the form prescribed by the Clerk (AO–0133). . . . Fees for witnesses must be itemized on page two of the form for attendance, subsistence and mileage." *Dejana v. Marine Tech., Inc.*, No. 4:11-CV-1690 JAR, 2014 WL 12799265, at *5 (E.D. Mo. July 8, 2014).  Here, Plaintiffs filed their Bill of Costs on an AO-0133 form and itemized the mileage by providing only the address of the witness, the total amount of mileage, and the total costs.  Doc. 433 at p. 2. Thus, to the extent Plaintiffs seek to recover the actual expenses of travel by a common carrier, such as an airplane, they cannot recover these costs because "[a] receipt or other evidence of actual cost shall be furnished" to recover these costs.  28 U.S.C. § 1821(c)(1); *see also Abt Sys*, 2016 WL 5470198, at *4.

Plaintiffs also cannot recover the mileage costs because they failed to specify how much of the mileage was traveled by privately-owned vehicle or what type of vehicle the witnesses traveled in.  *See* United States General Services Administration, POV Mileage Rates (Archived), https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived, (last visited July 30, 2021) (discussing different mileage rates for different types of vehicles).  Moreover, Plaintiffs represented that certain witnesses purchased plane tickets, *see* Doc. 447 at p. 12, and therefore the Court cannot simply assume the witnesses traveled by private vehicle.  Accordingly, based on this lack of documentation, the Court finds that Plaintiffs may not recover witness mileage fees.  *See Abt*

*Sys.*, 2016 WL 5470198, at *4–5; *Am. Mod. Home Ins. Co.*, 2019 WL 3974351, at *3–4;

*Kloeckner v. Perez*, No. 4:09-CV-00804 ERW, 2014 WL 6607012, at *2 (E.D. Mo. Nov. 19, 2014).

With respect to subsistence, Plaintiffs request $1,620.00 in subsistence fees.  Doc. 433 at p. 2.  Plaintiffs seek three days of subsistence for each of Truman, Kantor, Lux, and Gannon, amounting to $405.00 in subsistence per witness.  *Id*.  Here, because each of these witnesses lived out of state, Plaintiffs may recover costs for an overnight stay.  *See* 28 U.S.C. § 1821(d)(1). The per diem lodging rate for St. Louis under the GSA in October 2020 equals $141.00, while the meal per diem ranges from $49.50 to $66.00 depending on the day of travel.  *Id*. at § 1821(d)(2); United States General Services Administration, FY 2021 Per Diem Rates for St. Louis Missouri, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=MO&fiscal_year=2021&zip=63108&city= (last visited July 30, 2021).  When calculated across three days,[6] the Court finds Plaintiffs' requested subsistence fees taxable.  Accordingly, Plaintiffs may recover $1,620.00 in subsistence fees.

In sum, Plaintiffs may recover $2,260.00 in witness fees.

### G.   Expenses for exemplification

Plaintiffs seek an award of $49,677.18 for exemplification, including costs for Phase I copies and printer rental, trial exhibit copies, graphic designers, and obtaining medical records. Doc. 433 at p. 1; 433-2 at p. 6.

#### 1.   Graphic designer fees

Plaintiffs seek taxation of $38,785.00 for "Graphic Designer Fees for Trial Exemplars/Boards."  Doc. 433-2 at p. 6.  "Copy and exemplification fees, 'including graphic and

---

[6] ($141.00 x 2) + ($49.50(2) + $66.00) = $447.00.

visual aids, as well as materials prepared for electronic display,' are recoverable as 'fees for exemplification,' but only to the extent which they are 'necessarily obtained for use in the case.'" *Golan*, 2017 WL 5564538, at *4 (quoting *Cassity*, 146 F. Supp. 3d at 1085–86). "Courts have interpreted the necessity requirement to exclude cost recovery for exhibits which were merely illustrative of expert testimony, other adequate evidence, or that served primarily to illustrate counsel's argument." *Id.* (quoting *Cassity*, 146 F. Supp. 3d at 1086 (collecting cases)).

Plaintiffs argue that the "[c]osts for graphic and visual aids were also necessarily obtained" because the social distancing measures put into place by the Court made it "necessary to display exhibits and demonstratives on screens." Doc. 447 at p. 14. Plaintiffs' limited argument fails to break down the extent to which the graphic designers assisted in preparing exhibits that served anything other than to illustrate expert testimony, other adequate evidence, or counsel's argument. Accordingly, the Court concludes that Plaintiffs cannot recover the $38,785.00 for graphic designer fees.

### 2.  Copying trial exhibits, retrieving medical records, and printer rental

Plaintiffs seek to recover $6,412.96 for copying exhibits and retrieving medical records, as well as $4,479.22 for renting a printer during Phase I of the trial. Doc. 433-2 at 6; Doc. 447 at p. 14. Biomet argues that Plaintiffs may not recover these costs because they failed to provide sufficient documentation. Doc. 444 at p. 15.

First, with respect to copying trial exhibits, the Court agrees that Plaintiffs failed to present sufficient documentation to recover these costs. As the Court explained above, while providing specific detail of what copies were made may be unnecessarily burdensome in complex cases such as this one, *see Scott*, 2018 WL 6830110, at *2, "amounts requested for copy costs must be 'documented or itemized in such a way that the Court can meaningfully evaluate

19

[a] request." *Golan*, 2017 WL 5564538, at *4 (alterations in original) (quoting *Yaris*, 604 F. Supp. at 914). Plaintiffs failed to provide basic information such as the total number of copies made or the price per copy. *See Jacobson*, 2020 WL 853736, at *5 (rejecting argument that plaintiffs failed to provide sufficient documentation for copying costs when plaintiffs "submitted records with the date of printing, timekeeper responsible for printing, case-identifying information, and amounts charged"). The Court notes that the invoice for costs incurred during Phase II of this trial specified the total number of copies made and price per copy in the invoice, Doc. 433-1 at p. 151, but this information does not appear in the invoice for the costs incurred during Phase I, Doc. 433-1 at p. 149, and Plaintiffs do not provide it elsewhere. Accordingly, Plaintiffs may not recover $2,434.50 for trial exhibit copies.

Plaintiffs also failed to provide sufficient documentation to recover the fees incurred for retrieving medical records. Plaintiffs simply provide the total amount of costs incurred and list the entities they retrieved medical records from. Doc. 433-1 at p. 1; Doc. 433-2 at p. 6. Plaintiffs provide no receipts or invoices for the costs of obtaining the medical records from these entities, nor do they provide a total amount of medical records retrieved. *See Jackson v. Gen. Motors, LLC*, No. 4:18-CV-1243 RLW, 2020 WL 4698501, at *5 (E.D. Mo. Aug. 13, 2020) (finding sufficient documentation for obtaining medical records when the party provided invoices). Because the Court cannot perform a meaningful review of these costs, *see Golan*, 2017 WL 5564538, at *4, it finds that Plaintiffs may not recover $3,978.46 for obtaining medical records.

Finally, the Court concludes that Plaintiffs may not recover the costs for renting a printer. 28 U.S.C. § 1920(4) permits recovery for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Here, Plaintiffs rented the printer because

their counsel came from out-of-state and used the printer to copy trial exhibits among other documents.  Doc. 447 at p. 14.  Because the Court concluded that Plaintiffs cannot recover copying costs due to lack of sufficient documentation, it necessarily follows that they cannot recover the costs of renting a printer.  As one court explained, while "copying equipment is used to make copies, . . . nothing in the record indicates how many copies Plaintiff actually made using this equipment, whether these copies were necessarily made, or whether this cost was reasonable."  *Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-CV-5032-DGK, 2016 WL 6023696, at *6 (W.D. Mo. July 26, 2016).  In other words, Plaintiffs must provide some documentation establishing a nexus between the rented printer and trial exhibits used.  But, as noted above, Plaintiffs failed to provide basic information such as the total number of copies made or the price per copy.  Accordingly, the Court finds that Plaintiffs cannot recover the printer-rental cost.

### H.      "Other" costs

Plaintiffs seek to recover $35,342.00 in consulting services paid to "Alaris Trial Services to present trial presentation during trial and deposition video edits and cuts."  Doc. 433-2 at pp. 6–7.  Specifically, Plaintiffs claim $21,620.00 in "other" costs for "Alaris Trial Services-Technology Services Phase I" and $13,722.50 for "Alaris Trial Services-Pretrial Case Prep Services."  *Id*.

### 1.      Alaris trial services-technology services phase I

Biomet argues that these costs are not taxable because these services were not necessary to bring this case to trial; instead, Plaintiffs incurred this expense at their discretion.  Doc 444 at p. 15.  The Court agrees.

Courts in this district have declined to award parties costs for employing third-party litigation specialists to present evidence or demonstratives at trial.  For example, in *Cassity*,

Plaintiffs sought "to recover the costs they incurred in paying their 'litigation support specialist' to manipulate, highlight, and enlarge the exhibits throughout the course of the trial[.]"  146 F. Supp. 3d at 1087.  The court found that the use of such a specialist was not "necessary to put on an intelligible case[]" because "Plaintiffs' counsel could have presented their case . . . through the use of PowerPoint or the courtroom electronic display system rather than hiring a third party vendor."  *Id*; *see also*, *Behlman v. Century Sur. Co.*, No. 4:12-CV-1567 JAR, 2014 WL 2930658, at *1 (E.D. Mo. June 27, 2014), *aff'd sub nom. Behlmann v. Century Sur. Co.*, 794 F.3d 960 (8th Cir. 2015) (declining to award costs for a "Trial Technician (Audio/Visual Professional)" because such costs did not fall within the scope of § 1920); *Nicholson*, 2021 WL 1821190, at *30 (declining Plaintiffs' request to recover costs for trial exhibit and technology support services). Accordingly, Plaintiffs may not recover $21,620.00 for "Alaris Trial Services-Technology Services Phase I."

### 2.    Alaris trial services-pretrial case prep services

Plaintiffs also seek $13,722.50 for "Alaris Trial Services-Pretrial Case Prep Services." Doc. 433-2 at pp. 6–7.  Plaintiffs supporting documentation for this cost includes two line-items on an invoice that merely provides the hourly rate, the total number of hours, and the total costs for "Pretrial Services – Case Prep" and "Pretrial Services Overtime – Case Prep."  Doc. 433-1 at pp. 149–150.  The Court cannot conclude from this invoice what these services consisted of and thus cannot conclude whether the services were necessary for use in the case.  Accordingly, the Court finds that Plaintiffs cannot recover $13,722.50 for "Alaris Trial Services-Pretrial Case Prep Services."

## IV.    Conclusion

In sum, Plaintiffs may recover $53,617.32 in costs.  The Court therefore taxes costs against Biomet in the total amount of $53,617.32.

So Ordered this 2nd day of August 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**